[Cite as *State v. Crookshanks*, 2019-Ohio-3484.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| KENNETH E. CROOKSHANKS II, | : | Case No. CT2018-0056 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2017-0377

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               August 26, 2019

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

D. MICHAEL HADDOX                       JAMES A. ANZELMO
Prosecuting Attorney                    Anzelmo Law
Muskingum County, Ohio                  446 Howland Drive
                                        Gahanna, Ohio  43230

By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

**{¶1}** Defendant-appellant Kenneth E. Crookshanks II appeals his sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 18, 2017, the Muskingum County Grand Jury indicted appellant on one count of aggravated arson in violation of R.C. 2909.02(A)(2), a felony of the second degree. The offense was accompanied by a repeat violent offender specification pursuant to R.C. 2941.149. The indictment indicated that appellant, in 2012, had been convicted of arson of an occupied structure in Florida, a felony of the first degree. At his arraignment on October 25, 2017, appellant entered a plea of not guilty.

**{¶3}** Thereafter, on February 23, 2018, appellant pleaded guilty to the arson charge with the repeat violent offender specification. At the plea hearing, the trial court advised appellant that the repeat violent offender specification "carries with it a maximum stated prison term of 1 through 10 years in one-year increments, and if it's imposed, it is mandatory consecutive to the underlying offense." Transcript of February 23, 2018 hearing at 8. (Emphasis added).

**{¶4}** As memorialized in an Entry filed on April 11, 2018, appellant was sentenced to eight (8) years in prison for the arson offense and to five (5) years in prison for the specification. The trial court stated that it was mandatory that appellant serve the sentences consecutively, for an aggregate prison term of thirteen (13) years. The trial court also ordered appellant to pay court costs.

{¶5}    Appellant now appeals, raising the following assignments of error appeal:

{¶6}    "I. KENNETH CROOKSHANKS DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY TO AGGRAVATED ARSON WITH A REPEAT VIOLENT OFFENDER SPECIFICATION IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

{¶7}    "II. THE TRIAL COURT UNLAWFULLY ORDERED KENNETH CROOKSHANKS TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶8}    "III. KENNETH CROOKSHANKS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION."

I

{¶9}    Appellant, in his first assignment of error, argues that his guilty plea was not knowing, intelligent and voluntary.

{¶10} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Crim.R. 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant;

the Rule prohibits acceptance of a plea of guilty or no contest without performing these duties. *State v. Holmes,* 5th Dist. Fairfield No. 09 CA 70, 2010–Ohio–428, ¶ 10.

**{¶11}** In regard to the specific constitutional rights referenced in Crim.R.11(C)(2), "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives: (1) the right to a jury trial; (2) the right to confront one's accusers; (3) the right to compulsory process to obtain witnesses; (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." *State v. Hendershot*, 5th Dist. Muskingum No. CT2016-0061, 2017-Ohio-8112, 98 N.E.3d 1139, ¶ 26, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

**{¶12}** Generally, a defendant does not enter a knowing, intelligent or voluntary guilty plea if the plea is premised on incorrect legal advice. *State v. Atchley*, 10th Dist. Franklin No. 04AP-841, 2005-Ohio-1124, ¶ 11, citing State v. *Engle,* 74 Ohio St.3d 525, 528, 660 N.E.2d 450; *State v. Mikulic*, 116 Ohio App.3d 787, 790, 689 N.E.2d 116 (8th Dist.1996); *State v. Persons,* 4th Dist. Meigs App. No. 02CA6, 2003–Ohio–4213, ¶ 12.

**{¶13}** Appellant argues that principle applies in the instant case because the trial court "provided incorrect legal information" at the change-of-plea hearing on February 23, 2018. According to appellant, the trial court incorrectly advised him that the repeat violent offender specification carried a mandatory consecutive sentence.

**{¶14}** Under R.C. 2929.14(B)(2)(a)(i), a trial judge may impose a consecutive sentence of between one and ten years on a defendant who is convicted of a repeat violent offender specification. However, although imposition of the additional prison term

is discretionary, if the trial court chooses to impose the additional term under R.C. 2929.14(B)(2)(a), the sentencing statute requires the additional term to be served "consecutively to and prior to the prison term imposed for the underlying offense." R.C. 2929.14(B)(2)(d). *See State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424 at paragraph 46 and *State v. Whitaker,* 12th Dist. Preble No. CA2012–10–013, 2013–Ohio–4434, 999 N.E.2d 278, paragraph 17.

{¶15} In the case sub judice, the trial court determined that a five (5) year sentence on the repeat violent offender specification would be proper and, as required by statue, ordered that the sentence be served consecutively to the sentence on the underlying offense. We note that appellant was advised , at the plea hearing, that the repeat violent offender specification "carries with it a maximum stated prison term of 1 through 10 years in one-year increments, <u>and if it's imposed</u>, it is mandatory consecutive to the underlying offense." Transcript of February 23, 2018 hearing at 8. (Emphasis added).

{¶16} Moreover, upon our review of the transcript, we find that at the plea hearing, the trial court properly advised appellant of all penalties and the maximum sentences that he could receive.

{¶17} Appellant's first assignment of error is, therefore, overruled.

II

{¶18} Appellant, in his second assignment of error, contends that the trial court did not make the findings required under R.C. 2929.14(B)(2)(a) for imposing consecutive sentences on a repeat violent offender specification.

{¶19} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231,

¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or (2) "the sentence is otherwise contrary to law."

{¶20}  In the case sub judice, appellant plead guilty to aggravated arson and to the repeat violent offender specification, which was based on his prior conviction in Florida. R.C. 2929.14(B)(2)(e) requires that a trial court state the findings justifying the sentence imposed on a person pursuant to a repeat-violent-offender specification under R.C. 2929.14(B)(2)(a) and (b).

{¶21}  R.C. 2929.14(B)(2) states, in relevant part, as follows:

{¶22}  (2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, in addition to the longest minimum prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

{¶23}  (i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

{¶24}  (ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a

sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

**{¶25}** (iii) The court imposes the longest prison term for the offense or the longest minimum prison term for the offense, whichever is applicable, that is not life imprisonment without parole.

**{¶26}** (iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

**{¶27}** (v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

{¶28} As noted by the court in *State v. Watts*, 8th Dist. Cuyahoga No. 104269, 2017-Ohio-532, ¶ 11:

> Similar to the conclusion that "talismanic" words are not required when imposing consecutive sentences under R.C. 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under R.C. 2929.14(B)(2)(a). As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, the sentence on the RVO specification should be upheld. *See, e.g., State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 129 (reviewing consecutive sentence findings).

{¶29} In the case sub judice, appellant pleaded guilty to the repeat violent offender specification meeting the element of R.C. 2929.14(B)(2)(a)(I). Appellant also pleaded guilty to aggravated arson in violation of R.C. 2909.02(A)(2), a felony of the second degree. The trial court reviewed appellant's presentence investigation report and the following discussion took place on the record:

{¶30} THE COURT: You've been to prison before for three-and-a-half years for arson?

{¶31} THE DEFENDANT: Yes, Your Honor.

{¶32} THE COURT: Looks like last year, 2017, you had a conviction for aggravated menacing?

{¶33} THE DEFENDANT: Yes, Your Honor.

{¶34} THE COURT:    September, 2015, phone harassment, aggravated menacing, false alarm. That's in New Philadelphia. Also, phone harassment, aggravated menacing, false alarm, New Philadelphia. 2015, making false alarm, resisting arrest, New Philadelphia. That was (sic) case dismissed. Another 2015 false alarm, false alarm, New Philadelphia. Also, in 2015, making a false alarm, telephone harassment, aggravated menacing, New Philadelphia. 2010, violating protection order in New Philadelphia. 2009, domestic violence, assault, criminal damaging, New Philadelphia.

Does that all sound right?

{¶35} THE DEFENDANT: Yes, Your Honor.

{¶36} THE COURT: Mr. Crookshanks, you're dangerous; right? I mean, would you agree you're dangerous?

{¶37} THE DEFENDANT: Yes, Your Honor.

{¶38} THE COURT:  I mean, you're - - it's twice you've set fires in occupied structures. This one's where you were in a group home, supervised; right?

{¶39} THE DEFENDANT: Yes, Your Honor.

{¶40} Appellant thus admitted to setting fire to an occupied structure. We note that an "offense of violence" includes aggravated arson and arson. R.C. 2901.01(A)(9).

{¶41} Transcript of April 9, 2018 hearing at 12-13. The trial court further noted that the incident in this case occurred in a supervised group home and that appellant set the fire while he was on probation and sentenced appellant to eight (8) years on the aggravated arson charge, the maximum possible prison term and to and additional five (5) year term on the repeat violent offender specification. The trial court, in its Entry, stated that it had considered "all statements, any victim impact statement, the plea

recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code [Section] 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code [Section] 2929.12."

**{¶42}** Upon our review of the record, we find that the trial court considered the appropriate recidivism and seriousness factors, made the required findings, gave the necessary reasons for its findings, and properly applied the statutory guidelines before sentencing appellant on the repeat violent offender specification. Accordingly, we clearly and convincingly find that the record supports the sentence, and that the sentence is not contrary to law.

**{¶43}** Appellant's second assignment of error is, therefore, overruled.

III

**{¶44}** Appellant, in his third assignment of error, maintains that he received ineffective assistance of counsel.

**{¶45}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable

probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

**{¶46}** Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267. In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, *quoting Strickland* at 697. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

**{¶47}** Appellant argues that his trial counsel was ineffective because trial counsel failed to move for a waiver of court costs due to appellant's indigency. However, in *State v. Harris*, 5th Dist. Muskingum No. CT2018-0005, 2018-Ohio-2257, ¶ 47, this court reviewed this exact issue and determined the following:

> We find no merit in Appellant's allegation that he received ineffective assistance of counsel as a result of his attorney failing to request that the trial court waive court costs. Because R.C. § 2947.23(C) grants Appellant the ability to seek waiver of costs at any time, including after sentencing, Appellant has not been prejudiced by the failure of his counsel to request a waiver at sentencing.

**{¶48}** See also *State v. Bryan*, 5th Dist. Muskingum No. CT2018-0058, 2019 - Ohio- 2980.

**{¶49}** Appellant's third assignment of error is, therefore, overruled.

**{¶50}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.