[Cite as *State v. Shaffer*, 2022-Ohio-2006.]


COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                          |   | JUDGES:                     |
|--------------------------|---|-----------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.    |
|                          | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee       | : | Hon. John W. Wise, J.       |
|                          | : |                             |
| -vs-                     | : |                             |
|                          | : | Case No. CT2021-0023        |
| CHARLES R. SHAFFER, II.  | : |                             |
|                          | : |                             |
| Defendant-Appellant      | : | OPINION                     |


CHARACTER OF PROCEEDING:          Criminal appeal from the Muskingum
                                  County Court of Common Pleas, Case No.
                                  CR2021-0074



JUDGMENT:                         Affirmed



DATE OF JUDGMENT ENTRY:           June 13, 2022



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD WELCH                              JAMES S. SWEENEY
Prosecuting Attorney                      285 South Liberty Street
BY: TAYLOR P. BENNINGTON                  Powell, OH 43065
Assistant Prosecutor
27 North Fifth Street
Box 189
Zanesville, OH 43701

*Gwin, P.J.*

{¶1}  Defendant-appellant Charles Shaffer II appeals his sentence from the Muskingum County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}  On February 4, 2021, the Muskingum County Grand Jury indicted appellant on the following offenses:  three counts of kidnapping, felonies of the first degree, in violation of R.C. 2905.01(A)(2) and R.C. 2905.01(B)(1); aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1); having a weapon while under disability, a felony of the third degree, in violation of R.C. 2923.14; and misdemeanor assault, in violation of R.C. 2903.13(A).  The kidnapping counts and the aggravated robbery count were each accompanied by a repeat violent offender specification and a firearm specification.  At the time of the commission of these offenses, appellant was on post-release control out of Franklin County for a second-degree felony (robbery) that occurred in June of 2017.

{¶3}  The trial court held a change of plea hearing on March 19, 2021.  Counsel for appellee presented the facts of the case at the plea hearing.  Appellant stipulated to the facts for the purposes of the plea, and reserved the right to argue or supplement the facts for sentencing.

{¶4}  On January 26, 2020, the victim flagged down officers on the street.  She reported appellant had taken her cell phone, hit her in the face, and pointed a gun at her and her children (ages 4 and 8).  The children were in the backseat of her vehicle when the incident occurred.  The victim reported appellant called and asked her to pick him up after an altercation.  The victim picked appellant up and took him to Genesis Hospital.

Appellant refused to exit the vehicle at the hospital, and demanded the victim drive away from the hospital while he held a black and silver firearm.

{¶5} The victim complied with appellant's demands because she feared for her and her children's lives. The victim started to drive towards the police department; when appellant realized where she was going, he pointed the firearm at the children and told her not to go near the police department. The victim then drove to a gas station and parked the vehicle. Appellant grabbed the victim's phone and smashed the center radio console so she could not use her Bluetooth to call police. Appellant struck the victim in the face with a closed fist, and then fled on foot.

{¶6} Appellant admitted that he prevented the victim from exiting the vehicle, took her cell phone, smashed the center console, and told her he had a gun. However, during the interview with police, appellant claimed he did not actually have a gun. The older child stated appellant pointed a gun at him and said he was going to hurt them.

{¶7} Appellant pled guilty to one count of kidnapping, in violation of R.C. 2905.01(A)(2), with a repeat violent offender specification, two counts of kidnapping, in violation of R.C. 2905.01(B)(1), each with a repeat violent offender specification, and one count of assault, a first-degree misdemeanor. Appellee agreed to dismiss the aggravated robbery charge, the weapons under disability charge, and the firearm specifications. Both appellant and appellee reserved the right to argue for the sentence they felt was appropriate at the time of sentencing.

{¶8} At the plea hearing, the trial court advised appellant that each of the repeat violent offender specifications, "carries a possible penalty of an additional one to ten years of imprisonment if the Court imposes the maximum on them. And then if it is imposed,

then that sentence is also mandatory, and it's mandatory to be served consecutively to whatever you receive on the kidnapping charge."

{¶9} Counsel for appellee filed a detailed sentencing memorandum on April 2, 2021. Appellee argued for a sentence of twenty-five years pursuant to the sentencing factors contained in R.C. 2929.11. Appellee listed the seriousness factors contained in R.C. 2929.12(B), the mitigating factors in R.C. 2929.12(C), the recidivism factors in R.C. 2929.12(D), and the requirements necessary for consecutive sentences. Appellee detailed the seriousness factors applicable in this case, including the young ages of two of the victims, the fact that appellant used his relationship with the victim to lure her into picking him up while he was high on methamphetamine, the fact that the assault was committed in the presence of the children, and the length of time during which this took place. Appellee argued there were no mitigating factors present in this case. Appellee also argued there are several factors indicating appellant has a higher likelihood that he will continue to commit crime: appellant has a prior felony conviction of robbery with a firearm, and appellant was on post-release control when these offenses were committed.

{¶10} The trial court held a sentencing hearing on April 7, 2021.

{¶11} Appellee began by referencing its sentencing memorandum and the sentencing factors, and argued the factors justify a twenty-five-year prison sentence. Counsel for appellee highlighted several items he felt the trial court should take into consideration for sentencing: the ages of the victims (children 4 and 8 years old); the state of the victims upon arrival (the children were distraught and the 8 year old told officers appellant pointed a gun at them and said he was going to hurt them); appellant's

prior felony (robbery); and the fact that appellant was on post-release control when these offenses occurred.

{¶12}  Counsel for appellant made several arguments as to why the total prison sentence should be less than eleven years, with no sentence on the repeat violent offender specifications.  Counsel highlighted the following facts:  the victim and appellant were lifelong friends; appellant was distressed as soon as he got in the victim's car because he had taken methamphetamines; appellant did not want to go to the hospital, but the victim drove him there and felt he should go in because he was in distress; they sat in the hospital parking lot for awhile; the victim then started to drive around town, eventually driving to the police station; the kidnapping lasted only five minutes; no one was harmed; no gun was recovered; appellant is now clean; and his criminal record is not extensive.

{¶13}  Appellant apologized to the victims and admitted he was wrong, but stated he should not get "a whole bunch of time" because he "didn't hurt nobody" and he was not a violent person.

{¶14}  The trial court stated it reviewed appellee's sentencing memorandum and a letter from one of the victims.  The trial court noted appellant's prior felony involved a firearm, and that he was on post-release control at the time of these offenses.  The court stated there is nothing in what appellant said to justify scaring two children.  The trial court explained it was imposing consecutive sentences for a variety of reasons, including: appellant was on post-release control at the time these offenses were committed; the victims' ages; there were multiple victims; while the time period the kidnapping lasted is in debate, it was more than a few minutes; and his prior offense involved a firearm.  The

trial court, "finds that this sentence is necessary to protect the public. It's based upon the seriousness of the conduct involved and the danger you pose to the public." Further, "these offenses were committed as part of one or more courses of conduct and caused harm to two or more individuals that was so great or unusual that no single prison term for any of the offenses committed as part of that course of conduct adequately reflects the seriousness of the offender's conduct."

{¶15} At the hearing, the trial court sentenced appellant to a mandatory prison term of eleven years on each of the first-degree felony kidnapping charges, and two years in prison on each of the three repeat violent offender specifications, with the second and third kidnapping counts to be run consecutively with each other, but concurrent to the first count, for an aggregate mandatory minimum prison sentence of twenty-six years and an indefinite prison sentence of thirty-one and a half years.

{¶16} This sentenced was memorialized in an entry dated April 9, 2021. In the judgment entry, the trial court stated it, "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12." Additionally, the trial court stated it "made judicial findings that the Defendant has a prior felony conviction involving a firearm, there were multiple victims, two victims were minors, and that the Defendant committed the offenses herein while on post release control."

{¶17} Appellant appeals the judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

**{¶18}** "I. THE TRIAL COURT'S SENTENCE ON THE REPEAT VIOLENT OFFENDER SPECIFICATIONS WAS CONTRARY TO LAW.

**{¶19}** II. THE TRIAL COURT'S TOTAL SENTENCE WAS NOT SUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW."

I.

**{¶20}** In his first assignment of error, appellant argues the trial court's sentence on the repeat violent offender ("RVO") specifications was contrary to law. Appellant contends the trial court failed to make the required findings, failed to give the reasons for these findings that are required to impose a sentence on an RVO, and failed to consider the recidivism factors contained in R.C. 2929.12.

**{¶21}** The trial court imposed the RVO specifications in this case pursuant to R.C. 2929.14(B)(2)(a). This section states as follows:

If division (B)(2)(b) does of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, in addition to the longest minimum prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole * * *.

(iii) The court imposes the longest prison term for the offense or the longest minimum prison term for the offense, whichever is applicable, that is not life prisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section, and if applicable, division (B)(1) or (3) of this section as inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

**{¶22}** Appellant pled guilty to the RVO specifications. The offenses to which appellant pled guilty are first-degree felonies and are offenses of violence, as defined in R.C. 2901.01(A)(9). Appellant received the maximum sentence that was not life without parole. Accordingly, R.C. 2929.14(B)(2)(a)(i), (ii), and (iii) are met.

**{¶23}** R.C. 2929.14(B)(2)(e) requires that a trial court state the findings justifying the sentence imposed on a person pursuant to an RVO specification under R.C. 2929.14(B)(2)(a).

**{¶24}** In cases determining whether a trial court has complied with R.C. 2929.14(B)(2)(e), this Court has cited the following quote from the Eighth District Court of Appeals:

> Similar to the conclusion that "talismanic" words are not required when imposing consecutive sentences under 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under 2929.14(B)(2)(a). As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, the sentence on the RVO specification should be upheld.

*State v. Watts*, 8th Dist. Cuyahoga No. 104269, 2017-Ohio-532; *State v. Hullinger*, 5th Dist. Muskingum No. CT2018-0056, 2019-Ohio-3484; *State v. Conley*, 5th Dist. Stark No. 2012CA00150, 2013-Ohio-4137; *State v. Crookshanks*, 5th Dist. Muskingum No. CT2018-0056, 2019-Ohio-3484.

**{¶25}** The trial court considered the recidivism and seriousness factors pursuant to R.C. 2929.14(B)(2)(a)(iv) and (v). First, the trial court initially stated that appellant's

prior felony involved a firearm, that appellant was on post-release control at the time of these offenses, and that there is nothing in what appellant said to justify scaring two child victims. Next, when considering the imposition of consecutive sentences and taking into consideration the factors contained in R.C. 2929.12, the trial court pointed out the following: appellant was on post-release control at the time these offenses were committed; the victims' ages were 4 and 8 years old; there were multiple victims; the kidnapping lasted more than a few minutes; and appellant's prior offense involved a firearm. The court additionally stated the sentence was necessary to protect the public, and is based on the seriousness of the conduct involved and the danger appellant poses to the public. Finally, the trial court specifically stated it reviewed appellee's sentencing memorandum. In the memorandum, appellee completed a detailed review of the factors in R.C. 2929.11 and R.C. 2929.12.

{¶26} The trial court, in its judgment entry, stated it considered "the record, all statements, the victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code 2929.12." Also in its judgment entry, the trial court specifically noted it made the finding that appellant has a prior conviction involving a firearm, there were multiple victims, two victims were minors, and appellant committed the offenses while on post-release control.

{¶27} Upon our review of the record, we find the trial court considered the appropriate recidivism and seriousness factors, made the required findings, gave the reasons for its findings, and properly applied the statutory guidelines before sentencing appellant on the RVO specifications.

**{¶28}** Appellant's first assignment of error is overruled.

II.

**{¶29}** In his second assignment of error, appellant argues the trial court erred in imposing an aggregate mandatory minimum prison sentence of twenty-six years and an indefinite prison sentence of thirty-one and a half years.

**{¶30}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶31}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

**{¶32}** Appellant argues his sentence is contrary to law because the trial court failed to impose the sentence in accordance with sentencing statutes, specifically R.C. 2929.12, because the trial court: did not consider that the victim had no marks or physical injuries as a result of the incident; and failed to consider that appellant was under serious duress at the time of the incident.

**{¶33}** In *State v. Roberts*, we explained nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute its own judgment for that of the trial court to determine a sentence that best reflects compliance with R.C.

2929.11 and R.C. 2929.12.    5th Dist. Richland No. 2020 CA 0035, 2021-Ohio-90. Appellant was found guilty of three counts of kidnapping, each felonies of the first degree. The trial court sentenced appellant within the applicable sentencing range, and he does not argue otherwise.

**{¶34}** This Court is therefore without authority to disturb appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and R.C. 2929.12.

**{¶35}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209.

**{¶36}** In its judgment entry, the trial court noted it considered the record, all statements, and the factors set forth in R.C. 2929.11 and R.C. 2929.12.    During the sentencing hearing, the trial court specifically stated it reviewed appellee's sentencing memorandum, which listed and analyzed the factors in R.C. 2929.11 and R.C. 2929.12 as they apply to this case.  The trial court noted appellant's prior felony involved a firearm, and that appellant was on post-release control at the time of this offense.  The trial court also noted there were multiple victims in this case, and that two of these victims were young children.

**{¶37}** The trial court sentenced appellant within the applicable sentencing range. The sentencing judgment entry indicates the trial court's consideration of R.C. 2929.11

and R.C. 2929.12, and post-release control was properly imposed.  We therefore do not find appellant's sentence to be clearly and convincingly contrary to law nor is his sentence unsupported by the record.

{¶38}  Appellant's second assignment of error is overruled.

{¶39}  Based on the foregoing, appellant's assignments are overruled.

{¶40}  The judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur