[Cite as *State v. Webster*, 2022-Ohio-590.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSHUA STEVEN WEBSTER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0011

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CR 236

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Daniel P. Fry*, Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Brian A. Smith,* Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, Ohio 44333, for Defendant-Appellant.

Dated:  February 22, 2022

---

**D'Apolito, J.**

{¶1}    Appellant, Joshua Webster, appeals from the February 17, 2021 judgment of the Belmont County Court of Common Pleas sentencing him to an indefinite prison term of 11 years (mandatory minimum) to 16 and one-half years (maximum) for the rape of a minor child under the age of 13 and designating him a Tier III Sex Offender following a guilty plea.  On appeal, Appellant takes issue with his sentence.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On November 5, 2020, Appellant was indicted by the Belmont County Grand Jury on one count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b) and (B), with a specification alleging that he had compelled the victim to submit to sexual conduct by force or threat of force.[1]  Appellant was appointed counsel and pled not guilty at his arraignment.

{¶3}    Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on February 4, 2021.  Appellant withdrew his former not guilty plea and entered a guilty plea to an amended count of rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2).[2]  Appellant understood that he could be sentenced up to a maximum of 16 and one-half years in prison.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The court ordered a PSI and deferred sentencing.  Appellant filed a sentencing memorandum and attached correspondence from family and friends.

{¶4}    A sentencing hearing was held on February 16, 2021.  After considering the record, the oral statements, Appellant's sentencing memorandum with attached

---

[1] The charge stems from Appellant's involvement in which he engaged in sexual conduct with his ex-girlfriend's minor daughter, J.M., d.o.b. 11/28/2007 ("the victim").  At the age of 33, Appellant admitted to engaging in oral and vaginal sexual intercourse with the 12-year-old victim on at least two or three separate occasions.  Apparently, the victim's mother allegedly allowed this to happen and even participated at times.

[2] The amended count did not include the specification contained in the indictment.

Case No. 21 BE 0011

testimonials, the testimony from the victim's mother, the PSI with attached Risk Assessment ("High" Risk Level), the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the guidelines contained in R.C. 2929.13 and 2929.14, the trial court sentenced Appellant to an indefinite term of 11 years (mandatory minimum) to 16 and one-half years (maximum) in prison, with 27 days of credit for time served.  The court labeled Appellant a Tier III Sex Offender and subjected him to five years of mandatory post-release control.

{¶5}   Appellant filed a timely appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT'S SENTENCE OF APPELLANT, WHICH DID NOT PROPERLY CONSIDER THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING UNDER R.C. 2929.11 OR THE SERIOUSNESS AND RECIDIVISM FACTORS UNDER R.C. 2929.12, WAS CONTRARY TO LAW.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD.**

{¶6}   Because Appellant's first and second assignments of error concern his sentence, we will consider them together for ease of discussion.

{¶7}   This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.  *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶8}   R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶9} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶10} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶11} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim

of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36.

**{¶12}** "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Burkhart*, 7th Dist. Belmont No. 18 BE 0020, 2019-Ohio-2711, ¶ 16.

**{¶13}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the Supreme Court of Ohio indicated that the language in *Marcum* is dicta. *Id.* at ¶ 27 ("The statements in *Marcum* at ¶ 23 suggesting that it would be 'fully consistent' with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding.") In *Jones,* the Court held that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, under *Jones*, an appellate court errs if it relies on

the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29; *see also State v. Dorsey*, 2nd Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17.

**{¶14}** Pursuant to *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, appellate courts shall no longer analyze whether those sentences are unsupported by the record. Rather, we simply must determine whether those sentences are contrary to law. *See Dorsey, supra,* at ¶ 18.

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding.

*Burkhart, supra,* at ¶ 12.

**{¶15}** In this case, Appellant alleges his indefinite prison sentence of 11 years (mandatory minimum) to 16 and one-half years (maximum) is not supported by the record and is contrary to law. Appellant stresses the trial court did not properly consider the purposes and principles of felony sentencing under R.C. 2929.11 because it focused solely on punishment and gave no consideration to rehabilitation. Appellant also stresses the court did not consider several of the seriousness and recidivism factors under R.C. 2929.12, including: (E)(4) its failure to consider that the offense was committed under circumstances not likely to recur (because Appellant is no longer the boyfriend of the victim's mother, and the victim was currently living in a foster home and Appellant would have no contact with her); and (E)(5) its refusal to consider Appellant's remorse (because Appellant said he accepts responsibility for his actions).

**{¶16}** Contrary to Appellant's assertions, his prison sentence is supported by the record and is not contrary to law. The trial court gave due deliberation to the relevant statutory considerations and its findings were supported by the record. Appellant entered a guilty plea which the court accepted after finding it was made pursuant to Crim.R. 11.

At the sentencing hearing, the judge heard from the prosecutor on behalf of the State, from defense counsel on behalf of Appellant, and from the victim's mother (Appellant's ex-girlfriend). The victim's mother spoke on behalf of Appellant. Although Appellant admitted that he raped her daughter, the victim's mother requested that Appellant receive "the lower end of the sentence" and indicated he has been "a great friend" to her. (2/16/2021 Sentencing Hearing T.p., p. 6, 10). The judge asked Appellant if he wished to say anything. Appellant replied, "No, Your Honor." (*Id.* at p. 12). The judge concluded by stating the following:

> THE COURT: All right. And the Court just wants to make it clear that there were testimonial letters on behalf of Mr. Webster attached to the sentencing memorandum filed on his behalf from some church pastors and some individual people as well.
>
> The Court has reviewed all of those.
>
> All right. The factors in this record that indicate that the conduct is more serious and that recidivism is more likely include the following:
>
> As a juvenile, he has adjudication for rape as a first degree felony, he was then 12 years old. He received a suspended DYS commitment.
>
> He has admitted to engaging, at the least, in oral and vaginal sex with the 12-year old daughter of his former girlfriend * * * and I use "former" based on simply what's in the reports that I received, and that that has occurred two or three occasions at least.
>
> His relationship with the victim facilitated his offense.
>
> He has a high risk assessment according to the probation department, that is due to mental health issues, and critically for this Court, no desire to change.
>
> Although he claims to have been drunk for one of his rapes, and therefore asks the Court to excuse his conduct because of that, he does seem to have

total recall of all of the details of that event and he also does not mention alcohol use during his other rapes of this child.

His admissions and statements were relatively cavalierly made. They appeared to the Court to be very selfish with no mention of regret or sorry or contrition. And there has been no showing of any remorse on his part.

The factors that indicate less serious conduct, less likelihood of recidivism, as his attorney pointed out, he does appear to have led a law-abiding life since his first rape adjudication, which was in 1999. That's the one in juvenile court I was talking about.

Again, the purposes of felony sentencing are to protect the public from future crimes by you and others by teaching a lesson and to punish you using, however, the minimum sanctions that accomplish those purposes without imposing an unnecessary burden on state or local government resources.

To send a warning to others, and a message to your victim, Court believes that you must be severely punished, Mr. Webster. More than a minimum sentence is necessary, appropriate and reasonable.

The shortest sentence will not adequately punish you and protect the public from future crimes and would demean the seriousness of what you've done to this young victim.

The factors decreasing serious are greatly outweighed by those increasing seriousness. There is more likelihood of recidivism if you receive the shortest sentence.

All of my findings I believe are in accordance with the statutory and case law of the State of Ohio.

Therefore, Mr. Webster, you will be sentenced as follows: You will be sentenced to serve a minimum mandatory term of 11 years in the

Case No. 21 BE 0011

penitentiary.

The maximum term is therefore 16 and a half years. * * *

You have credit for 27 days served through and including today's date. You will be classified as a Tier 3 sex offender requiring lifetime reporting every 90 days and you will be placed on post-release control after you finish your sentence, and that will be for five years.

Now, again, so the sentencing laws in the [S]tate of Ohio changed almost two years ago. We now have, for a crime like this, what is called indefinite sentencing.

So the Court sentences you to the minimum, in this case 11 years; automatically the maximum then is 16 and a half years.

* * *

The Court was very negatively impressed, Mr. Webster, by the fact that you just appeared - - it almost appears as if you feel you didn't do anything wrong, and now we have a 12-year-old young girl who is going [to] live with this now for some time.

* * *

Mr. Webster, you have the right to appeal the decisions of this Court.

(2/16/2021 Sentencing Hearing T.p., p. 12-15, 20-21).

**{¶17}** The trial court made a similar pronouncement in its February 17, 2021 judgment, stating:

* * * Defendant was afforded all rights pursuant to Criminal Rule 32. The Court has considered the record, oral statements, Defendant's Sentencing Memorandum with attached testimonials, the testimony from * * * the mother of the victim, and the Presentence Investigation Report with attached Risk

Case No. 21 BE 0011

Assessment, as overrided, as High, as well as the principles and purposes of sentencing in Revised Code 2929.11 and has balanced the seriousness and recidivism factors under Revised Code 2929.12.

\* \* \*

The Court finds that on February 4, 2021, Defendant was found guilty by plea of Rape, in violation of O.R.C. 2907.02(A)(2), a felony of the first degree.

The Court, in sentencing, may, in its discretion to determine the most effective way to comply with the principles and purposes of sentencing set forth in Revised Code 2929.11, consider the factors contained in Ohio Revised Code 2929.12(B), (C), (D), and (E), and any other factors relevant to achieving those purposes and principles.

In light of that guidance, the Court finds that the factors contained in Ohio Revised Code 2929.12(B) and (D) which indicate more serious conduct and more likelihood of recidivism include the following:

1. As a juvenile, Defendant has an adjudication for Rape as a first degree felony (Defendant was then 12 years old). He received a suspended DYS commitment;

2. Defendant has admitted to engaging, at the least, in oral and vaginal sex with the twelve year old daughter of his former girlfriend, on at least two (2) or three (3) occasions;

3. Defendant's relationship with the victim facilitated his offense;

4. The Presentence Investigator found Defendant to have a High risk assessment due to mental health issues/no desire to change;

5. Although Defendant claims to have been drunk for one (1) of the Rapes, he seems to have total recall of all of the details. He does not mention

Case No. 21 BE 0011

alcohol use during the other rapes;

6. Defendant's admissions were cavalierly made, selfishly, and with no mention of regret, sorrow, or contrition; and

7. Defendant has not shown genuine remorse.

In accordance with Ohio Revised Code 2929.12(C) and (E), the factors which suggest that Defendant's conduct is less serious and that recidivism is less likely, including the following:

1. Defendant appears to have abided by the law since his Rape adjudication in 1999.

The Court further finds in accordance with Ohio Revised Code 2929.11(A), that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender, using the minimum sanctions that the Court determines accomplishes these purposes, without imposing an unnecessary burden on State or local government resources. This Court finds that Defendant must be severely punished as a message to his victim and a warning to others.

In light of that guidance, the Court finds that more than the minimum sentence is deemed necessary and is otherwise appropriate and reasonable. Therefore, in accordance with Ohio Revised Code 2929.13(D) the Court finds that a short sentence will not adequately punish Defendant and protect the public from future crimes and will demean the seriousness of the offense and that factors decreasing seriousness are greatly outweighed by those increasing seriousness and that there is more likelihood of recidivism if Defendant is given a short sentence.

The Court makes all findings based upon the sentencing factors contained in Ohio Revised Code 2929.11, 2929.12, 2929.13 and 2929.14, as such have been amended and/or modified by State v. Foster, 109 Ohio St.3d 1,

and in accordance with House Bill 86, effective September 30, 2011, and Senate Bill 160, effective March 22, 2013.

(2/17/2021 Sentencing Entry, p. 2-4).

**{¶18}** The record in this case reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court also considered the factors under R.C. 2929.13 and 2929.14.

**{¶19}** In addition, Appellant was sentenced to an indefinite prison term of 11 years (mandatory minimum) to 16 and one-half years (maximum) following a guilty plea for rape, a felony of the first degree, in violation of R.C. 2907.02(A)(2). Thus, Appellant's sentence is within the statutory range for the first-degree felony offense, which was committed on or about April 1, 2019 through February 14, 2020. *See* (2/16/2021 Sentencing Hearing T.p., p. 2); (2/17/2021 Sentencing Entry, p. 1); R.C. 2929.14(A)(1)(a) ("For a felony of the first degree committed on or after the effective date of this amendment [rape – R.C. 2907.02 - March 22, 2019], the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]"); R.C. 2929.144(B)(1), "Determining maximum prison term," effective March 22, 2019 ("The court imposing a prison term on an offender under division (A)(1)(a) * * * of section 2929.14 of the Revised Code for a qualifying felony of the first * * * degree shall determine the maximum prison term that is part of the sentence * * * [i]f the offender is being sentenced for one felony and the felony is a qualifying felony of the first * * * degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) * * * of section 2929.14 of the Revised Code plus fifty per cent of that term.") Also, the record reveals the trial court properly advised Appellant regarding post-release control.

**{¶20}** Accordingly, because the trial court considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12, and because Appellant's indefinite prison sentence of 11

years (mandatory minimum) to 16 and one-half years (maximum) is supported by the record and within the authorized statutory range for a first-degree felony, his sentence is not contrary to law.

**{¶21}** Appellant's first and second assignments of error are without merit.

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The February 17, 2021 judgment of the Belmont County Court of Common Pleas sentencing Appellant to an indefinite term of 11 years (mandatory minimum) to 16 and one-half years (maximum) in prison for rape and designating him a Tier III Sex Offender following a guilty plea is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**