# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOBY BARR,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0022**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CR 288

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecuting Attorney and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee

*Atty. Adam L. Myser*, Myser & Myser, 320 Howard Street, Bridgeport, Ohio  43912, for Defendant-Appellant.

Dated:  March 24, 2023

---

**WAITE, J.**

{¶1} Appellant Joby Barr appeals the decision of Belmont County Common Pleas Court not to dismiss the criminal charges in this case. Alternatively, Appellant appeals his sentence in this matter. Based on our review of the record, the trial court correctly overruled the motion to dismiss Appellant's charges. Further, there were no errors of law in imposing the sentence. Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.

## Factual and Procedural History

{¶2} On November 3, 2021, Appellant was indicted in Belmont County on four identical counts of sexual battery pursuant to R.C. 2907.03(A)(7), third degree felonies. The specific violations alleged required proof that Appellant committed the offense while he was "a teacher, administrator, coach, or other person in authority employed by or serving in a school * * *, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school."

{¶3} On March 14, 2022, Appellant filed a motion seeking leave to file a motion "to determine the terms of a contract." Essentially, the purpose of this motion was to provide Appellant's defense time to determine whether Appellant's junior varsity girls coaching contract with the Union Local School District had expired before the dates on which the alleged crimes occurred.

{¶4} On March 24, 2022, Appellant filed a motion to dismiss the charges against him on the grounds that his coaching contract had expired before the crimes were alleged to have taken place. Appellant admitted in his motion that if he "was a coach, under contract, during the alleged interaction between him and the victim herein, then his

Case No. 22 BE 0022

conduct would fall under Sexual Battery and would be considered illegal." (3/24/22 Motion, p. 2.) Appellant admitted that he entered into the coaching contract, that he was the junior varsity girls basketball coach, and that his contract started on November 24, 2020. However, he alleged that his contract was ambiguous, did not have a clear termination date, and that additional evidence was needed to determine the date his coaching contract terminated. (3/24/22 Motion, p. 3.) Appellant attached documentation he believed proved that his contract terminated on March 15, 2021. The state responded in the alternative to the motion, contending that the contract unambiguously provided that Appellant was a coach at the time the crimes occurred, or that it could provide evidence outside of the contract to establish that fact.

{¶5} The court held a hearing on the motion on April 11, 2022. The motion to dismiss was overruled on April 27, 2022.

{¶6} On April 29, 2022, Appellant entered a Crim.R. 11 no contest plea to Count 1 of the indictment in exchange for dismissal of Counts 2 - 4. The plea agreement noted that Appellant and the state stipulated to a sentence of between 18 and 30 months in prison, but that the trial judge was not bound by this recommendation. The plea agreement indicated that the maximum prison term for this type of felony was 60 months in prison. The court accepted Appellant's no contest plea on April 29, 2022 and dismissed Counts 2 - 4.

{¶7} Sentencing took place on May 9, 2022. The court sentenced Appellant to 30 months in prison with credit for 16 days, and included a requirement to register as a Tier III Sex Offender, five years of postrelease control, and court and confinement costs. The sentencing entry was filed on May 13, 2022. This appeal was filed on May 25, 2022.

The notice of appeal indicates that Appellant is appealing both the court's decision to overrule his motion to dismiss on April 27, 2022 and the sentencing entry of May 13, 2022. Appellant's counsel on appeal is the same retained counsel who represented him during the trial court proceedings.

{¶8} Appellant raises two assignments of error on appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT ERRED IN FAILING TO MAKE A DETERMINATION THAT DEFENDANT-APPELLANT'S CONTRACT HAD TERMINATED AS A MATTER OF LAW.

{¶9} Appellant argues that the trial court should have overlooked the caption of his March 24, 2022 motion to dismiss and should, instead, have treated it as an evidentiary motion in limine asking the court to hold a hearing to determine the termination date of his coaching contract. Appellant contends that if his contract ended in March of 2021, his relationship with the victim would have been treated differently and certainly would not have constituted a violation of R.C. 2907.03(A)(7). Oddly, Appellant also argues that the trial court should have treated the motion as containing an issue to be resolved purely on a matter of law, as he believes that determining the termination date of a contract involves no question of fact. This prong of Appellant's argument is similar to his March 24, 2022 motion to dismiss, in which he sought outright dismissal of the charges. In either scenario, Appellant is mistaken.

{¶10} The standard of review on appeal does depend somewhat on whether Appellant intended his motion as a motion to dismiss the indictment or as an evidentiary

<u>Case No. 22 BE 0022</u>

motion in limine. In either case, we are faced with a ruling based on Crim.R. 12(C): "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." In deciding a Crim.R. 12(C) motion, courts may look to "evidence beyond the face of the indictment." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, at ¶ 18. However, a determination pursuant to Crim.R. 12 may not involve a decision on the ultimate issue for trial, including, most fundamentally, whether the state can satisfy its burden of proof with respect to the elements of the charged offenses. *Id.* at ¶ 16.

{¶11} Appellant first contends that the trial court improperly treated his motion as a motion to dismiss the indictment pursuant to Crim.R. 12(C)(2). A motion filed under this section challenges "defects in the indictment." When presented with a Crim.R. 12(C)(2) motion to dismiss an indictment, a trial court should only determine whether the allegations describe an offense under Ohio criminal law. *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989). A Crim.R. 12(C)(2) ruling is reviewed de novo. *State v. Hoerig*, 3rd Dist. No. 13-08-39, 181 Ohio App.3d 86, 2009-Ohio-541, 907 N.E.2d 1238, ¶ 12

{¶12} There is no indication from the trial court judgment entry of April 27, 2022 that the denial of Appellant's March 24, 2022 motion was based on Crim.R. 12(C)(2). The trial court examined Appellant's motion and determined that Appellant asked the court to rule that the state could not prove one of the elements of the charges: that Appellant was a coach at the time the crimes occurred. The court held that the motion could not be sustained because "it requests relief that is incapable of determination without the trial of the 'coach' element of the crime." (4/27/22 J.E., p. 2.) In other words, the motion was

overruled because Appellant was asking for factual determinations to be made regarding an element of the crime in order to avoid dealing with this evidentiary issue at trial. As this type of request is not permitted by Crim.R. 12(C)(2), Appellant's first line of argument is without merit.

{¶13} Appellant also contends that his motion should have been construed as a motion in limine, asking the court to make an evidentiary ruling. "A ruling on a motion *in limine* reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling." *State v. French*, 72 Ohio St.3d 446, 450, 650 N.E.2d 887 (1995). However, a no contest plea after an adverse ruling in limine does not preserve possible error for review. *State v. Brown*, 38 Ohio St.3d 305, 528 N.E.2d 523 (1988), paragraph three of the syllabus; *State v. Felts*, 4th Dist. Ross No. 13CA3407, 2014-Ohio-2378, ¶ 16 ("a no contest plea precludes an appeal from a trial court's pretrial rulings on a motion in limine regarding the admissibility of evidence"). If the alleged error had been preserved, it would be reviewed for abuse of discretion that amounted to prejudicial error. *State v. Fowler*, 10th Dist. Franklin No. 15AP-1111, 2017-Ohio-438, 84 N.E.3d 269, ¶ 14.

{¶14} This record reflects that Appellant sought to preempt the troubling factual issue of whether or not he was serving as a coach when the crimes occurred. It was an element of the charged crimes and was a fact that the state was required to prove at trial. It appears, then, that Appellant's coaching contract would be a crucial piece of evidence at trial. We note that in a civil law context, contract interpretation generally does not raise disputed factual questions and is, in many instances, resolved by the court on a matter of

law, reviewable de novo on appeal.  *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995).

**{¶15}** In the context of this criminal case, the coaching contract is not merely another piece of evidence in this case intended to prove a crime occurred, but is inextricably entwined with an essential element of the crime.  It was obvious from the way Appellant presented the argument in his motion to dismiss that he did not believe the contract, on its face, provided a definitive answer about its date of termination and that such a determination would depend on a factual hearing, and interpretation and weighing of those facts.  Appellant himself argued that the contract did not provide a definitive end date and was ambiguous.  Only an unambiguous contract can be construed solely as a matter of law.  *Fabrizi Trucking & Paving Co. v. City of Cleveland*, 2017-Ohio-531, 85 N.E.3d 279 (8th Dist.), ¶ 21.  The interpretation of an ambiguous contract presents an issue of fact for the trier of fact to determine.  *Id.*  Such interpretation involves credibility and weighing of evidence, which are left only to the province of the jury or judge after a hearing on this matter.  Appellant attached various types of evidence to his motion attempting to establish the end date of the coaching contract.  Appellant was well aware that he was asking the court to make a factual determination using evidence outside of the four corners of the contract, and it is disingenuous to argue otherwise on appeal.

**{¶16}** Despite the fact that Appellant presented external evidence to try to prove what he believes was the termination date of the contract, he contends the coaching contract was unambiguous as a matter of law.  Appellant claims he had turned in his keys and had been fully paid for the year.  However, there is language in the contract that it "shall be performed during the 2020-2021 school year" and that it "automatically

terminates at the end of the school year." (March 24, 2022 Motion to Dismiss, Exh. A.) Despite the fact that Appellant claims he was owed no more money on the contract, Appellee contends that this plain contractual language shows that Appellant was a coach until the last day of the school year, and the undisputed date of the acts in this case occurred before that date. The simple fact that the parties disagree on the meaning of the contract and whether Appellant was engaged as a coach when these crimes occurred underscores that the matter could not be determined simply from the face of the contract.

{¶17} The crux of this issue is that, no matter how Appellant's argument is characterized, he sought to have the trial court rule on the ultimate issue for trial: whether Appellant had committed a violation of R.C. 2907.03(A)(7). Such a request violates the standards of Crim.R. 12(C). See *State v. Palmer,* 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 22. A motion filed pursuant to Crim.R. 12 may not test whether the state can satisfy its burden of proof at trial. *State v. Eppinger*, 8th Dist. Cuyahoga No. 85631, 162 Ohio App.3d 795, 2005-Ohio-4155, 835 N.E.2d 746, ¶ 37. "Where a motion to dismiss requires examination of evidence beyond the face of the indictment, it must be presented as a motion for acquittal at the close of the state's case." *Id.* at ¶ 36. The only exception to this general principle is when the defendant seeks to show that the indictment is defective because the defendant is not subject to the statute forming the basis of the indictment. *Palmer* at ¶ 23. Appellant is not arguing that it is impossible that he be subject to R.C. 2907.03(A)(7), but simply that the evidence the state intended to use as proof that he violated the statute was not sufficient for a conviction; that is, the state could not satisfy its burden of proof on an element of the crime. In essence, Appellant was asking for a criminal summary judgment ruling, which is not permitted in Ohio. "The Ohio Rules of

Criminal Procedure, however, do not allow for 'summary judgment' on an indictment prior to trial." *State v. Varner*, 81 Ohio App.3d 85, 86, 610 N.E.2d 476, 477 (9th Dist.1991).

**{¶18}** In short, Appellant does not satisfy the requirements for a motion to dismiss pursuant to Crim.R. 12(C), and by pleading no contest, he did not preserve for review any challenge to an adverse ruling on an evidentiary motion in limine. Even if he had preserved his argument, the trial court was not permitted to rule in a pretrial motion going directly to the heart of the ultimate issue, i.e., whether Appellant was a coach when the crimes were committed. For these reasons Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT INAPPROPRIATELY WEIGHED THE DEFENDANT-APPELLANT'S SENTENCING FACTORS IN ISSUING THE DEFENDANT-APPELLANT'S SENTENCE.

**{¶19}** In the event Appellant's conviction is upheld, he also challenges his sentence in this matter. Appellant was sentenced to 30 months in prison. He argues that the court had the discretion, based on the plea agreement, to order a sentence of between 18 and 30 months. Appellant argues that the evidence in support of the less serious sentencing factors in R.C. 2929.12(C) outweigh the more serious sentencing factors in R.C. 2929.12(B), and that the trial court should have imposed a lower sentence.

**{¶20}** A reviewing court may not reverse a sentence solely on the basis that the record does not support the trial court's findings regarding the sentencing factors in R.C.

2929.12. The standard of review for an appeal of a felony sentence is found in R.C. 2953.08(G)(2):

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶21} R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record pursuant to R.C. 2929.11 and 2929.12. *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. However, a felony sentence that relies on impermissible sentencing factors or considerations may be reversed on appeal. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68.

{¶22} Appellant cites *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, for the proposition that an appellate court may vacate or modify a felony

Case No. 22 BE 0022

sentence if it determines that the record does not support the trial court's findings under R.C. 2929.12. Although this was a previous interpretation of the holding in *Marcum*, that interpretation was rejected as dicta and overruled in *Jones*, *supra*. *Jones* at ¶ 27. "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. "Thus, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence 'based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12.' " *State v. Webster*, 7th Dist. Belmont No. 21 BE 0011, 2022-Ohio-590, ¶ 13.

**{¶23}** Following *Jones*, appellate courts are not to review whether the trial court's consideration of the factors in R.C. 2929.11 and R.C. 2929.12 is unsupported by the record. *Id.* The question on appeal is whether the resulting sentence is contrary to law. *Id.*

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding.

*State v. Burkhart*, 7th Dist. Belmont No. 18 BE 0020, 2019-Ohio-2711, ¶ 12.

**{¶24}** Appellant's assignment of error is based on the allegation that the evidence in the record does not support a 30-month prison sentence considering the factors in R.C.

Case No. 22 BE 0022

2929.12. It may also be construed as an argument that the trial court improperly considered the factors in R.C. 2929.12. Either way, these are not permissible bases for modifying or vacating a felony sentence. The trial court was not required to make any specific findings pursuant to R.C. 2929.12. *Jones* at ¶ 20. There can be no question that the court considered the factors in R.C. 2929.12. The court noted it considered Appellant's prior criminal history, his role as a coach with authority over students, the psychological harm suffered by the victim, that there was no showing of remorse, the abuse happened more than once, that Appellant had engaged in victim shaming, and that the sentence was significantly less than allowed by the sentencing statutes. The court specifically stated it weighed the sentencing factors. Hence, this record reveals the court did consider R.C. 2929.12 when crafting its sentence.

{¶25} As there is no basis for finding that the sentence is contrary to law, Appellant's second assignment of error is overruled.

## Conclusion

{¶26} Appellant challenges the trial court's decision to overrule his pretrial motion to dismiss on the grounds that the court should either have ruled as a matter of law that his coaching contract had expired prior to the commission of the crimes (thus invalidating the sexual battery charges), or that the court should have held a hearing in limine regarding the contract. Since Appellant sought to have the court determine the ultimate issue in this case, (whether he committed sexual battery pursuant to R.C. 2907.03(A)(7)), any such motion was improper pursuant to Crim.R. 12(C). Also, by pleading no contest, Appellant did not preserve for review any questions about the denial of an evidentiary motion in limine. For these reasons, Appellant's first assignment of error is overruled.

Case No. 22 BE 0022

Appellant also questions whether the trial court's findings under R.C. 2929.12 support the 30-month sentence, but this issue is not reviewable on appeal pursuant to *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.  Appellant's second assignment of error is overruled, and the judgment of the trial court is affirmed in its entirety.

Robb, J., concurs.

D'Apolito, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**