[Cite as *State v. Turner*, 2024-Ohio-5800.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KAWAME TURNER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0021**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 23 CR 258

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Robert T. McDowall*, Robert T. McDowall Co., LLC, for Defendant-Appellant.

Dated: December 11, 2024

**Robb, P.J.**

{¶1} Appellant, Kawame Turner, appeals his conviction for failure to appear as required by recognizance and the judgment overruling his motion to dismiss the indictment. Turner argues the underlying recognizance bond was unlawful and unenforceable. For the following reasons, we affirm.

Statement of the Facts and Case

{¶2} In October 2023, Turner was indicted and charged with failure to appear, a fourth-degree felony, in violation of R.C. 2937.99(A) and (B) for his failure to appear at his sentencing in a separate Belmont County Court of Common Pleas case.

{¶3} The bill of particulars in this case states in part that Turner failed to appear on May 26, 2019, pursuant to R.C. 2937.29, after being convicted of a felony and being released on his own recognizance. (October 13, 2023 Bill of Particulars.)

{¶4} In December of 2023, Turner moved to dismiss the indictment against him. For cause, he claimed the recognizance bond imposed in the other case was not lawful since he had not signed it and because the court failed to secure his presence at the hearing, as required under Crim.R. 43. He claims his initialing the document in front of his pretrial supervisor after the bond was imposed is of no consequence and does not overcome the invalidity of the bond. Thus, he claims there was no legally enforceable bond for him to violate and the charge must be dismissed. (December 11, 2023 Motion to Dismiss.)

{¶5} In response, the state argued the defendant's initialing the bond acted as notice and assent to its terms. The state likewise argued the phone conference resulting in the recognizance bond in the prior case was the result of his trial attorney's "emergency" request. Moreover, the state argued the court's entry in the prior matter indicates it was "by agreement of the parties," and as such, Turner should be precluded from complaining about the telephone hearing when it was pursuant to his request and the resulting judgment was by agreement of the parties. The state further pointed out that the hearing, which occurred in Turner's absence, benefited him since the court granted both aspects of his motion in that case, i.e., the trial court granted his continuance of the sentencing and his request to be released awaiting sentencing on a personal

recognizance bond.  Thus, the state claims Turner was not prejudiced even if his attorney did not waive his right to be present.  The state further pointed out that after his release, Turner met with his pretrial supervisor, reviewed the bond, and initialed it.  He did not appear for sentencing as required.  (December 15, 2023 State's Opposition to Motion to Dismiss.)

{¶6}    In support of its brief in opposition, the state offered the following items from Turner's prior proceedings in Belmont County Court of Common Pleas case number 2019 CR 209:  the transcript of the March 31, 2021 plea hearing; the June 22, 2021 judgment entry granting the "emergency telephone hearing;" and the June 22, 2021 judgment granting Turner's requests made in the emergency telephone hearing.  (December 15, 2023 State's Opposition to Motion to Dismiss.)

{¶7}    The June 22, 2021 judgment granting Turner's requests states in part that the matter was before the court "for an emergency telephone hearing as the Defendant filed a two-pronged motion prior to his sentencing that was set for hearing this day."  It indicates defense counsel appeared by phone, the prosecutor appeared in person, and the defendant was not present.  The court granted Turner's continuance of the sentencing and reset it for July 9, 2021.  It also granted Turner's request to be released "on his previously issued bond of $20,000 . . . and also added recognizance bond."  The court likewise ordered the "state will not be bound by the plea agreement if the Defendant violates his bond in any way . . . or fails to appear for sentencing."  The court ordered Turner to "appear at the office of his pretrial supervisor immediately."  The court also ordered the Belmont County Jail "to deliver this entry to the Defendant and have him review its contents prior to his release from prison. . . .  The foregoing was all by agreement of the parties."  (December 15, 2023 State's Opposition to Motion to Dismiss, Ex. 5.)

{¶8}    The transcript of the motion hearing dated June 22, 2021 in Belmont County Court of Common Pleas case number 2019 CR 209 reflects in part that Turner's sentencing hearing was set to begin in 1.5 hours, but his defense counsel filed an urgent two-part motion.  The state agreed to allow Turner out on his own recognizance, in addition to the prior bond, indicating it would not be bound to the five-year sentencing recommendation it made in the plea agreement if Turner failed to appear for sentencing

or violated the terms of his release. Turner's defense counsel stated he was "inundated with requests" from Turner and his family to get him out in order to "get his affairs in order." In response to the state's indication that it would no longer be bound by its recommendation or plea agreement, defense counsel stated in part: "I would prefer if the Court conveyed that to Mr. Turner on the record, as well, is all I'm saying. I'm not trying to create work for you Judge. I just want to make this right." (June 22, 2021 Hearing Tr. 7.)

{¶9} The trial court in this case denied Turner's motion to dismiss the indictment. It emphasized the motion hearing in question was held on an emergency basis via telephone pursuant to Turner's motion to be released from jail, which was filed the same date that his sentencing was scheduled. The court concluded while it is "best practice" to have a defendant sign a recognizance bond, there is no requirement that it be signed. The court also found while it is "best practice" to notify a defendant of the consequences of his failure to appear, there is no requirement a court must do so. The trial court also concluded although Crim.R. 43 requires a defendant to be present at the criminal proceedings, Turner's attorney waived his right to be present. It reached this conclusion based on the nature of the motion, when it was filed, and since the substance of Appellant's requests were granted. (February 20, 2024 Entry.)

{¶10} Turner reiterated these arguments at trial. Turner was convicted after a jury trial. He was sentenced to 17 months in prison with credit for 224 days in jail.

{¶11} Appellant raises one assignment of error on appeal.

Motion to Dismiss the Indictment

{¶12} Turner's sole assignment of error asserts:

"The trial court committed prejudicial error in the case at bar and acted contrary to law in overruling Defendant-Appellant's motion to dismiss the indictment."

{¶13} This assigned error consists of two primary arguments regarding the validity of the personal recognizance bond issued in the underlying case. First, Turner claims he was denied the right to be present at the hearing and the other court violated Crim.R. 43.

{¶14} Second, Turner claims there were multiple violations of R.C. 2937.44, including: the bond failed to identify the charged offenses; the bond did not advise him of the possibility of criminal sanctions for his nonappearance; Turner did not sign the

bond; and Turner did not agree he would return for sentencing or that his nonappearance authorized the state to withdraw from the plea agreement. As the state points out, he is challenging the sufficiency of the underlying recognizance bond.

{¶15} Crim. R. 12(C) states in part:

Pretrial Motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

(1) Defenses and objections based on defects in the institution of the prosecution;

(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding).

{¶16} Thus, a pretrial motion to dismiss can only raise matters that are capable of determination without a trial "on the general issue." "When presented with a Crim.R. 12(C)(2) motion to dismiss an indictment, a trial court should only determine whether the allegations describe an offense under Ohio criminal law. A Crim.R. 12(C)(2) ruling is reviewed de novo." (Citations omitted.) *State v. Barr*, 2023-Ohio-1017, ¶ 11 (7th Dist.).

{¶17} "When a defendant in a criminal action files a motion to dismiss that goes beyond the face of the indictment, he is, essentially, moving for summary judgment." *State v. Tipton,* 135 Ohio App.3d 227 (9th Dist. 1999), *appeal not allowed*, 88 Ohio St.3d 1416. However, the Ohio Rules of Criminal Procedure do not provide for the equivalent of a civil motion for summary judgment. *State v. McNamee*, 17 Ohio App.3d 175, 176 (1984).

{¶18} In *State v. Barr*, this court concluded Barr's motion to dismiss the indictment challenged an essential element of the charged offense, i.e., he claimed he was not a coach at the time of the sexual battery charges, which carried a specification alleging he was a teacher, coach, or administrator employed through the school. Because this argument included a decision on an ultimate issue for trial, i.e., whether the state can satisfy its burden of proof on one of the elements of the charged offense, this argument

was not properly raised via a motion to dismiss the indictment. *Id.* at ¶ 10, citing *State v. Brady*, 2008-Ohio-4493, ¶ 18 (11th Dist.). Instead, "[w]hen presented with a Crim.R. 12 (C)(2) motion to dismiss an indictment, a trial court should only determine whether the allegations describe an offense under Ohio criminal law." *Barr*, *supra*, at ¶ 11, citing *State v. Patterson*, 63 Ohio App.3d 91, 95 (2d Dist.1989).

**{¶19}** As in *Barr*, Turner here was likely prematurely arguing whether he was "released pursuant to section 2937.29" (on his own recognizance) when he failed to appear at sentencing in his other criminal case. As stated, Turner was convicted of R.C. 2937.99(A) and (B), which states in part:

(A) No person shall fail to appear as required, *after having been released pursuant to section 2937.29 of the Revised Code*. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section.

(B) If the release was in connection with a felony charge . . ., failure to appear is a felony of the fourth degree.

(Emphasis added.)

**{¶20}** R.C. 2937.29, "Release of accused on his own recognizance," states:

When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code.

Notably, R.C. 2937.29 does not state that a recognizance bond must be signed by the accused, issued in his presence, identify the charged offense, or advise the accused of the possibility of criminal sanctions for his nonappearance. Furthermore, a plain reading of R.C. 2937.29 makes clear the decision to release an accused is within a trial court's discretion when the court, based on the circumstances, "is of the opinion that the accused will appear as required." *Id.*

**{¶21}** Appellant also relies on R.C. 2937.44 "Form of recognizance" for the contention that a bond must contain the charged offenses and the accused's signature,

among other things.  However, while R.C. 2937.44 sets forth sample recognizance bonds, it does not set forth mandatory components of an enforceable recognizance bond.

**{¶22}** As stated, Turner challenges the validity or sufficiency of the underlying recognizance bond.  He claims he was not released under or pursuant to R.C. 2937.29, and as such, Turner is challenging an element of the charged offense, i.e., whether he failed to appear "after having been released pursuant to section 2937.29 of the Revised Code."

**{¶23}** The Ohio Supreme Court has stated in this context, "the general issue for trial . . . is whether the accused violated the law as set forth in the indictment."  *State v. Palmer*, 2012-Ohio-580, ¶ 24 (10th Dist.), citing *State v. Brady*, 2008-Ohio-4493, ¶ 18. "Where the law simply does not apply, the trial court is well within its authority to dismiss the indictment before trial.  In reaching that determination, the trial court may look beyond the four corners of the indictment."  *Id.*

**{¶24}** Turner's motion to dismiss sought to have the trial court rule on an ultimate issue that should have been reserved for trial—whether he was subject to a recognizance bond such that he could be charged under R.C. 2937.99(A) for failing to appear at his sentencing hearing.  Because this is an element of the charged offense and a fact the state was required to prove at trial, this was not the proper subject of a motion to dismiss. This was not a determination capable of being addressed without touching "on the general issue."

**{¶25}** The Ohio Supreme Court in *State v. Brady, supra*, described the facts in *State v. Varner*, 81 Ohio App.3d 85 (9th Dist. 1991), and distinguished them from the case before it.  *Brady* stated in part:

> [I]n *Varner*, the Summit County Court of Appeals considered the dismissal of an indictment for failure to appear in violation of a recognizance bond. *The motion to dismiss required the trial court to examine Varner's bond to determine whether it was a recognizance bond.*  The appellate court reversed the order granting dismissal, holding that "[t]he Ohio Rules of Criminal Procedure, . . . do not allow for 'summary judgment' on an indictment prior to trial." *Varner*, 81 Ohio App.3d at 86–87, 610 N.E.2d 476.

*Varner* [is] distinguishable from the instant case, however, because [*Varner*] *involved [a] pretrial motion. . . to dismiss that required consideration of the general issue for trial.* Here, Brady's motion did not embrace what would be the general issue at trial. Instead, it alleged that the FBI's enforcement of federal child pornography laws against his expert compromised his constitutional right to a fair trial by restricting the expert's ability to perform tasks deemed necessary to Brady's defense. Because Brady's pretrial motion to dismiss did not require a determination of the general issue for trial, Crim.R. 12(C) allowed the trial court to consider it.

(Emphasis added.) *Id. at* ¶ 17-18.

**{¶26}** In light of the foregoing statement by the Ohio Supreme Court reciting and approving of the holding of *Varner* in dicta, the issues raised by Turner here similarly address an issue that should be decided at trial—the validity of his recognizance bond. Consequently, we affirm the trial court's decision overruling Appellant's motion to dismiss, albeit for different reasons.

**{¶27}** Notwithstanding this conclusion, we note the defense raised this issue again at trial via a motion for acquittal under Crim.R. 29, which the trial court overruled. (Trial Tr. 251-254.)

**{¶28}** The defense argued at trial that Turner was not bound by the recognizance bond issued by the other trial court because he was not present when it was issued and did not sign it.

**{¶29}** Laura Zupko, the Belmont County Clerk of Courts, testified and identified State's Exhibit 1 as a docket entry issued in Turner's prior case and dated June 22, 2021. Zupko read the entry aloud and confirmed it states in part that the court added a "recognizance bond" pursuant to his attorney's emergency motion and ordered Turner to appear and meet with his pretrial supervisor upon his release to review the court's order. She also testified the entry states: "The foregoing was all by agreement of the parties." (Trial Tr. 195-198.) Zupko also confirmed the subsequent entry states Turner failed to appear at his sentencing and the court issued a warrant for his arrest. (Trial Tr. 199-201.) Zupko likewise testified it was not "the practice" of the former trial judge to have defendants sign recognizance bonds. (Trial Tr. 203-204.)

Case No. 24 BE 0021

{¶30} Edward Gorence, II also testified at trial. Gorence is a probation officer for the Belmont County Common Pleas Court and was Turner's pretrial supervisor at the time of his release in June of 2021. Gorence verified how he met with Turner in case number 19-CR-209; reviewed the judgment containing the recognizance bond with Turner per the court's order; and had Turner date and initial the judgment to verify he complied with the court's directive. Turner wrote his initials "K.T." and the date "6/22/21." (Trial Tr. 206-236.) Turner failed to appear for his sentencing hearing, a warrant was issued for his arrest, and he was apprehended nearly two years later in May of 2023. (Trial Tr. 243-246.)

{¶31} Turner's defense counsel moved for an acquittal at the conclusion of the state's evidence, which the trial court overruled. The defense argued in part that the state failed to present sufficient evidence showing Turner made a "written undertaking" and did not establish he promised to appear or subject himself to the personal recognizance bond. The court overruled his Crim.R. 29 motion. (Trial Tr. 251-254.)

{¶32} The jury found him guilty of the sole count in the indictment.

{¶33} While not raised in his assignment of error, the jury's verdict is supported by sufficient evidence. We review the merits of Turner's argument in the context of trial in the interest of justice despite the lack of assigned error in this regard. *See Wilson v. Gannett Co.*, 2020-Ohio-3643, ¶ 9 (7th Dist.); *but see* App.R. 12(A)(1)(b).

{¶34} Whether evidence is legally sufficient to sustain a verdict is a question of law, which appellate courts review de novo. *State v. Thompkins*, 78 Ohio St.3d 380 (1997); *In re J.V.*, 2012-Ohio-4961, ¶ 3 (8th Dist). A challenge on sufficiency grounds involves the state's burden of production rather than its burden of persuasion. *Thompkins*, *supra*, at 549 (Cook, J., concurring).

{¶35} On appeal, we determine whether the evidence presented, viewed in a light most favorable to the prosecution, allows a rational trier of fact to find the essential elements of the crime established beyond a reasonable doubt. *State v. Dent*, 2020-Ohio-6670, ¶15 (10th Dist.). We must view the evidence and all reasonable inferences in favor of the state. *State v. Goff*, 1998-Ohio-369 (1998).

{¶36} As stated, Turner was convicted of one count of R.C. 2937.99(A) and (B), which states in part:

(A) No person shall fail to appear as required, *after having been released pursuant to section 2937.29 of the Revised Code*. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section.

(B) If the release was in connection with a felony charge . . ., failure to appear is a felony of the fourth degree.

(Emphasis added.)

**{¶37}** Again, Turner only challenges whether he had been released pursuant to R.C. 2937.29 when he failed to appear for sentencing in his other criminal case.

**{¶38}** A criminal defendant has a fundamental right to be present at all critical stages of his criminal trial. Section 10, Article I of the Ohio Constitution; *State v. Hale*, 2008-Ohio-3426, ¶ 100 (8th Dist.). However, a defendant's absence does not necessarily result in prejudicial or constitutional error. *State v. Davis*, 2008-Ohio-2, ¶ 90 (5th Dist.); *State v. Frazier*, 2007-Ohio-5048, ¶ 139 (6th Dist.).

**{¶39}** Crim.R. 43(A) extends the right to be present and states:

(1) Except as provided in Crim.R. 10 and divisions (A)(2) and (A)(3) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. . . .

**{¶40}** In light of the lack of waiver on the record here, the trial court's decision to grant Turner's motion and impose a recognizance bond in his absence were improper. However, as indicated, Appellant's counsel appeared and represented him. Moreover, the "emergency telephone hearing" was held pursuant to Turner's motion on the date of his sentencing hearing, and instead of sentencing him on that date, the court allowed him the courtesy of a few days to get his affairs in order before going to prison. Instead, of appearing at the sentencing one week later, Turner did not appear and was absent for nearly two years.

**{¶41}** Appellant was admittedly not present at the hearing imposing the recognizance bond. While we agree Appellant's physical presence at this proceeding

Case No. 24 BE 0021

was required, this error did not impact the validity of the court's decision to release him, pending sentencing, on his own recognizance.

**{¶42}** Furthermore, as the trial court found, although it is probably best practice to use and comply with the bond examples set forth in R.C. 2937.44, Turner has not identified law requiring compliance with these forms.

**{¶43}** Finally, we conclude the evidence presented at trial, viewed in a light most favorable to the state, allowed a rational trier of fact to find Turner failed to appear at his sentencing in case number 2019 CR 209 while subject to a recognizance bond. Thus, there was sufficient evidence supporting his conviction.

Conclusion

**{¶44}** Turner's sole assigned error lacks merit. His conviction was supported by sufficient evidence, and the trial court did not err by denying his motion to dismiss the indictment. The trial court's decision is affirmed.

Hanni, J., concurs.

Dickey, J., concurs.

Case No. 24 BE 0021

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**