[Cite as *State v. Watts*, 2017-Ohio-532.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104269

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DWAYNE A. WATTS, II

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596694-A

**BEFORE:** Keough, A.J., E.A. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Hannah Smith
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Dwayne A. Watts, II ("Watts"), appeals his sentence. For the reasons that follow, we affirm.

{¶2} In June 2015, Watts was named in a single count indictment charging him with felonious assault, in violation of R.C. 2903.11(A)(1), a second-degree felony. The indictment also contained notice of prior conviction and a repeat violent offender specification ("RVO") pursuant to R.C. 2941.149(A). The charges arose after Watts attacked his then-girlfriend, causing her to go into a coma. As a result of the attack, the victim suffered nasal and mandible fractures, severe brain trauma, and respiratory failure.

{¶3} In October 2015, Watts pleaded guilty to the indictment as charged. The trial court sentenced him to ten years in prison — eight years on the base charge of felonious assault and an additional two years on the repeat violent offender specification. Watts now appeals his sentence.

{¶4} When reviewing Watts's felony sentence, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings under R.C. 2929.14(B)(2), or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.

*State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

{¶5} In his sole assignment of error, Watts contends that his sentence is contrary to law because the trial court erred in enhancing his sentence under the RVO specification without making the requisite findings.   Specifically, he contends that the record does not establish the criteria set forth in R.C. 2929.14(B)(2)(a) or (b).   We disagree.

{¶6} Under certain circumstances, RVO sentencing is mandatory. R.C. 2929.14(B)(2) provides, in relevant part:

(b) The court shall impose on an offender the longest prison term authorized or required for the offense and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of * * * a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii) The offense * * * of which the offender currently is convicted * * * is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(c) For purposes of division (B)(2)(b) of this section, two or more offenses committed at the same time or as part of the same act or event shall be considered one offense, and that one offense shall be the offense with the greatest penalty.

{¶7} In addition, R.C. 2929.14(B)(2)(e) provides that "[w]hen imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the court shall state its findings explaining the imposed sentence."

{¶8} In this case, the trial court was apprised of Watts's criminal history by the prosecutor and the presentence investigation report prepared for sentencing. Although the court considers the present offense for the purposes of R.C. 2929.14(B)(2)(b)(ii), the record demonstrates that Watts has been previously convicted of only one offense that would satisfy the "three in twenty" requirement under R.C. 2929.14(B)(2)(b)(ii) — a 2008 aggravated robbery conviction. All of Watts's other prior criminal convictions do

not consist of offenses that would satisfy the offenses described in R.C. 2929.01(CC), which could be counted toward the "three in twenty" threshold. Accordingly, Watts is not subject to a mandatory RVO sentence.

{¶9} Nevertheless, Watt could qualify for discretionary RVO sentencing pursuant to R.C. 2929.12(B)(2)(a). That section provides, in pertinent part:

> (a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all the following criteria are met:
>
>> (i) The offender is convicted of * * * a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.
>>
>> (ii) The offense of which the offender currently is convicted * * * is * * * any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.
>>
>> (iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.
>>
>> (iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section * * * are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
>>
>> (v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section * * * are demeaning to the seriousness of the offense, because one or more of the

factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

{¶10} In this case, Watts was convicted of felonious assault, a second-degree felony that is an offense of violence, and its accompanying repeat violent offender specification. The trial court sentenced Watts to the maximum term of imprisonment on the felonious assault charge. In satisfying the "recidivism and seriousness findings" under section R.C. 2929.14(B)(2)(a)(iv) and (v), the trial court stated,

The Court, again, in noting especially the seriousness and recidivism factors that there is a prior history of criminal convictions in this case, there are multiple convictions, and many are offenses of violence, burglary. The defendant has been convicted previously of burglary as well as aggravated robbery and aggravated assault. He's also violated a protection order, prior domestic violence case and a gross sexual imposition case, has resisted arrest, and has been arrested, convicted two times of stalking violations as well. The record, then, does support the repeat violent offender specification that has been stated in the indictment.

I will note that certainly of interest and importance in terms of sentencing is the impact on the victim here. I have looked at the photos, State's Exhibits 3, 4 and 7, and those should be made part of the record for this hearing. Those do indicate serious injury. I know at the time of plea the state was reserving the right to charge the defendant with murder in case the victim did die and I'm glad to see that [the victim] is present in court and is apparently stable.

I can't say she's all better because she herself has acknowledged that things are not all better and things are probably not going to be the same as they were ever again based on these injuries. One life has been changed forever with this and whatever brought her to that place was simply being in the wrong place at the wrong time with the wrong person.

What I have to deal with now is you, Mr. Watts; you know, why you were the wrong person on that day, why you've been the wrong person in your past, and how much longer are you going to remain the wrong person going forward because that certainly does play into the Court's role here in determining the length of sentence.

Certainly the Court acknowledges that a prison sentence is necessary in order to protect the public and not demean the serious of the offense. The fact is how long. Based on the injuries here and certainly your past history and the fact that there does seem to be a problem with impulse control over the past, you know, and that's continued here, and the seriousness of these injuries certainly does compel the Court to find that the maximum sentence is appropriate in this case.

The Court is going to impose a prison sentence of eight years on the charge of felonious assault and I do believe that the impact on the victim is serious enough to justify the Court adding additional time under the repeat violent offender specification of two years on to that sentence which would then run consecutive to that time, so that would be a total of ten years on this charge.

(Tr. 45-48.)

{¶11} The trial court's findings are sufficient to support the recidivism and seriousness factors required under R.C. 2929.14(B)(2)(a)(iv) and (v), respectively. Similar to the conclusion that "talismanic" words are not required when imposing consecutive sentences under R.C. 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under R.C. 2929.14(B)(2)(a). As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the

findings, the sentence on the RVO specification should be upheld. *See, e.g., State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29 (reviewing consecutive sentence findings).

**{¶12}** Upon review of the record, this court concludes that the trial court considered the appropriate recidivism and seriousness factors, made the required findings, gave the necessary reasons for its findings, and properly applied the statutory guidelines before sentencing Watts on the repeat violent offender specification. Accordingly, we clearly and convincingly find that the record supports the sentence, and that the sentence is not contrary to law.

**{¶13}** Watts's assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and

SEAN C. GALLAGHER, J., CONCUR