[Cite as *State v. Moore*, 2023-Ohio-3831.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHEREE TAKIYA MOORE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0036**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 581

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Vacated and Remanded.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*, and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Rhonda G. Santha*, for Defendant-Appellant.


Dated:  October 20, 2023

**D'Apolito, P.J.**

**{¶1}** Appellant, Cheree Takiya Moore, appeals from the February 7, 2023 judgment of the Mahoning County Court of Common Pleas consecutively sentencing her to a total of 23 years (minimum) to 28 and one-half years (maximum) in prison for aggravated arson following a trial by jury.[1] As part of sentencing, the trial court found Appellant to be a repeat violent offender ("RVO") under R.C. 2941.149.

**{¶2}** On appeal, Appellant takes issue with her consecutive sentence and RVO specification. Appellee, the State of Ohio, concedes that the trial court failed to make the requisite consecutive sentence and RVO findings on the record at the sentencing hearing and in its sentencing entry.

**{¶3}** Accordingly, because the trial court failed to make consecutive sentence and RVO findings at the sentencing hearing and in its sentencing entry, Appellant's sentence is vacated and the matter is remanded for a new sentencing hearing. We also instruct that if, on resentencing, the trial court again sentences Appellant consecutively and imposes a period of imprisonment as a consequence of the RVO specifications, the court shall state such findings on the record at the sentencing hearing and in its sentencing entry as required by R.C. 2953.08(G)(1), R.C. 2929.14(C)(4), and R.C. 2929.14(B)(2)(e).

## FACTS AND PROCEDURAL HISTORY

**{¶4}** On October 7, 2021, Appellant was indicted by the Mahoning County Grand Jury on two counts: count one, aggravated arson, a felony of the first degree in violation of R.C. 2909.02(A)(1) and (B)(2); and count two, aggravated arson, a felony of the second degree in violation of R.C. 2909.02(A)(2) and (B)(3). Appellant was appointed counsel and pled not guilty at her arraignment.

**{¶5}** A superseding indictment was issued on October 28, 2021 which contained the original two counts plus RVO specifications pursuant to R.C. 2941.149(A), based

---

[1] Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019.

upon a 2000 voluntary manslaughter conviction.  Appellant, through appointed counsel, pled not guilty to the superseding indictment and waived her right to a speedy trial.

{¶6}    A trial by jury commenced on December 12, 2022.  Following trial, the jury found Appellant guilty on both aggravated arson counts and the RVO specifications.  The trial court ordered a pre-sentence investigation ("PSI") and deferred sentencing.

{¶7}    At the February 7, 2023 sentencing hearing, the trial court considered the record, statements, and the PSI.  (2/7/2023 Sentencing Hearing Tr., p. 11).  In addition, the court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.  (*Id.* at p. 11-12).  The court indicated that counts one and two would run consecutively to each other.  (*Id.* at p. 13).  However, the court did not make any consecutive sentence findings pursuant to R.C. 2929.14(C)(4).  The court also indicated that it would impose RVO specifications.  (*Id.*)  However, the court did not make any RVO specification findings pursuant to R.C. 2929.14(B)(2)(e).

{¶8}    In its February 7, 2023 sentencing entry, the trial court again referenced that it "considered the record, the oral statements, the [PSI], as well as the principles and purposes of sentencing under R.C. 2929.11, and * * * balanced the seriousness and recidivism factors under 2929.12." (2/7/2023 Sentencing Entry, p. 1).  However, there is no reference in the court's entry addressing R.C. 2929.14(C)(4) consecutive sentence findings or R.C. 2929.14(B)(2)(e) RVO specification findings.  On count one, the court sentenced Appellant to an indefinite prison term of 11 years (minimum) to 16 and one-half years (maximum) with a ten year mandatory RVO specification.  On count two, the court sentenced Appellant to two years in prison and held "Count One, Specification to Count One, and Count 2, are to run *consecutively* to each other FOR A TOTAL OF TWENTY-THREE (23) YEARS TO TWENTY EIGHT AND A HALF (28½) YEARS IN PRISON[,]" with 59 days credit.  (Emphasis sic.) (2/7/2023 Sentencing Entry, p. 2).  The court also notified Appellant that the prison term is followed by a period of post-release control for up to five years but not less than two years minimum and advised Appellant of her duties to register as an Arson Offender.

{¶9}    Appellant filed a timely appeal and raises two assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**APPELLANT'S CONSECUTIVE SENTENCE VIOLATED R.C. 2929.14(C)(4)'S MANDATE THAT EITHER (a), (b) OR (c) OF THAT SECTION SPECIFICALLY BE FOUND.**

**ASSIGNMENT OF ERROR NO. 2**

**APPELLANT'S REPEAT VIOLENT OFFENDER CONSECUTIVE SENTENCE VIOLATED R.C. 2929.14(B)(2)(A)'S REQUIREMENT ALSO FAILS FOR LACK OF REQUIRED FINDINGS.**

{¶10} In her first assignment of error, Appellant takes issue with her consecutive sentence. In her second assignment of error, Appellant takes issue with her RVO specification. Because Appellant's assignments are interrelated, as they both concern her sentence, we will address them together.

{¶11} The State concedes error on both assignments. Specifically, "The State confesses error that the trial court failed to make the requisite findings, either on the record or in its entry, to impose consecutive sentences." (5/8/2023 Appellee's Brief, p. i, 1-2). Also, "The State confesses error that the trial court failed to make the requisite findings, either on the record or in its entry, to impose a sentence for the repeat violent offender specification pursuant to R.C. 2929.149." (*Id.* at p. i, 2).

{¶12} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; R.C. 2953.08(G)(2)(a)-(b).

{¶13} Regarding consecutive sentences, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender

and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34,

citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 41.

**{¶14}** Regarding the RVO specification, R.C. 2929.14(B)(2)(a) provides:

(2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, in addition to the longest minimum prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(iii) The court imposes the longest prison term for the offense or the longest minimum prison term for the offense, whichever is applicable, that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

R.C. 2929.14(B)(2)(a)(i)-(v).

**{¶15}** "R.C. 2929.14(B)(2)(e) requires that a trial court state the findings justifying the sentence imposed on a person pursuant to an RVO specification under R.C. 2929.14(B)(2)(a)." *State v. Shaffer*, 5th Dist. Muskingum No. CT2021-0023, 2022-Ohio-2006, ¶ 23.

Similar to the conclusion that "talismanic" words are not required when imposing consecutive sentences under 2929.14(C)(4), there are no magic words that must be recited by the trial court when making the RVO findings under 2929.14(B)(2)(a). As long as the reviewing court can discern from the record that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, the sentence on the RVO specification should be upheld.

*Id.* at ¶ 24, quoting *State v. Watts*, 8th Dist. Cuyahoga No. 104269, 2017-Ohio-532.

**{¶16}** As stated, at the February 7, 2023 sentencing hearing, the trial court considered the record, statements, and the PSI. (2/7/2023 Sentencing Hearing Tr., p. 11). The court also considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (*Id.* at p. 11-12). The court indicated that counts one and two would run consecutively to each other. (*Id.* at p. 13). However, Appellant and the State correctly point out, and the record reflects, that the trial court did not make consecutive sentence findings required by R.C. 2929.14(C)(4) or R.C. 2929.14(B)(2)(e) RVO specification findings at the sentencing hearing.

**{¶17}** In its February 7, 2023 sentencing entry, the trial court again referenced that it "considered the record, the oral statements, the [PSI], as well as the principles and purposes of sentencing under R.C. 2929.11, and * * * balanced the seriousness and recidivism factors under 2929.12." (2/7/2023 Sentencing Entry, p. 1). However, Appellant and the State correctly point out, and the record establishes, that there is no reference in the court's entry addressing R.C. 2929.14(C)(4) consecutive sentence findings or R.C. 2929.14(B)(2)(e) RVO specification findings.

**{¶18}** Appellant's first and second assignments of error are with merit.

## CONCLUSION

**{¶19}** For the foregoing reasons, Appellant's assignments of error are well-taken. Appellant's sentence is vacated and the matter is remanded for a new sentencing hearing consistent with this Opinion. We also instruct that if, on resentencing, the trial court again sentences Appellant consecutively and imposes a period of imprisonment as a consequence of the RVO specification, the court shall state such findings on the record at the sentencing hearing and in its sentencing entry as required by R.C. 2953.08(G)(1), R.C. 2929.14(C)(4), and R.C. 2929.14(B)(2)(e).


Robb, J., concurs.

Hanni, J., concurs.


Case No. 23 MA 0036

[Cite as *State v. Moore*, 2023-Ohio-3831.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that Appellant's sentence is vacated. We hereby remand this matter to the Court of Common Pleas of Mahoning County, Ohio for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**