[Cite as *State v. Moore*, 2024-Ohio-3256.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CHEREE MOORE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0004**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CR 581

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in Part and Remanded.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. John P. Laczko*, John P. Laczko, LLC, for Defendant-Appellant.

Dated: August 23, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Cheree Moore, appeals from a Mahoning County Court of Common Pleas judgment sentencing her to a total of 23 to 28 1/2 years in prison. She argues that the trial court failed to make the required findings to sentence her on a Repeat Violent Offender (RVO) specification. She also argues that the trial court failed to advise her of post-release control.

{¶2} For the following reasons, we find that while the trial court properly imposed a sentence on the RVO specification, it failed to advise Appellant about post-release control. Therefore, we affirm Appellant's sentence, but remand this case for a limited hearing where the trial court shall advise Appellant about post-release control.

{¶3} This Court previously heard this matter and summed up the facts as follows:

On October 7, 2021, Appellant was indicted by the Mahoning County Grand Jury on two counts: count one, aggravated arson, a felony of the first degree in violation of R.C. 2909.02(A)(1) and (B)(2); and count two, aggravated arson, a felony of the second degree in violation of R.C. 2909.02(A)(2) and (B)(3). Appellant was appointed counsel and pled not guilty at her arraignment.

A superseding indictment was issued on October 28, 2021 which contained the original two counts plus RVO specifications pursuant to R.C. 2941.149(A), based upon a 2000 voluntary manslaughter conviction. Appellant, through appointed counsel, pled not guilty to the superseding indictment and waived her right to a speedy trial.

A trial by jury commenced on December 12, 2022. Following trial, the jury found Appellant guilty on both aggravated arson counts and the RVO specifications. The trial court ordered a pre-sentence investigation ("PSI") and deferred sentencing.

At the February 7, 2023 sentencing hearing, the trial court considered the record, statements, and the PSI. (2/7/2023 Sentencing

Hearing Tr., p. 11). In addition, the court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (Id. at p. 11-12). The court indicated that counts one and two would run consecutively to each other. (Id. at p. 13). However, the court did not make any consecutive sentence findings pursuant to R.C. 2929.14(C)(4). The court also indicated that it would impose RVO specifications. (*Id.*) However, the court did not make any RVO specification findings pursuant to R.C. 2929.14(B)(2)(e).

In its February 7, 2023 sentencing entry, the trial court again referenced that it "considered the record, the oral statements, the [PSI], as well as the principles and purposes of sentencing under R.C. 2929.11, and * * * balanced the seriousness and recidivism factors under 2929.12." (2/7/2023 Sentencing Entry, p. 1). However, there is no reference in the court's entry addressing R.C. 2929.14(C)(4) consecutive sentence findings or R.C. 2929.14(B)(2)(e) RVO specification findings. On count one, the court sentenced Appellant to an indefinite prison term of 11 years (minimum) to 16 and one-half years (maximum) with a ten year mandatory RVO specification. On count two, the court sentenced Appellant to two years in prison and held "Count One, Specification to Count One, and Count 2, are to run consecutively to each other FOR A TOTAL OF TWENTY-THREE (23) YEARS TO TWENTY EIGHT AND A HALF (28½) YEARS IN PRISON[,]" with 59 days credit. (Emphasis sic.) (2/7/2023 Sentencing Entry, p. 2). The court also notified Appellant that the prison term is followed by a period of post-release control for up to five years but not less than two years minimum and advised Appellant of her duties to register as an Arson Offender.

*State v. Moore*, 2023-Ohio-3831, ¶ 4-8 (7th Dist.).

**{¶4}** In her original appeal, Appellant claimed that the trial court failed to make the required findings to impose both a consecutive sentence and a sentence on the RVO specification. On October 23, 2023, this Court vacated and remanded the matter for a

new sentencing hearing. We instructed the trial court that if it again sentenced Appellant consecutively and imposed a prison term based on the RVO specification, the court was required to state such findings on the record at the sentencing hearing and in its sentencing entry as required by R.C. 2953.08(G)(1), R.C. 2929.14(C)(4), and R.C. 2929.14(B)(2)(e). *Moore*, 2023-Ohio-3831 (7th Dist.).

{¶5} The trial court held a resentencing hearing on December 4, 2023 and the State requested the same sentence imposed previously. (December 4, 2023, Tr. 2-3.). Appellant argued for a lesser sentence based on the circumstances surrounding the offense, the facts, and the evidence of the case.

{¶6} The trial court resentenced Appellant on Count One, Aggravated Arson, to an indefinite prison term of 11 to 16 1/2 years, consecutive to a 10-year mandatory prison term for the RVO specification. Additionally, the trial court sentenced Appellant on Count Two, Aggravated Arson, to 2 years in prison, consecutive to the sentence for Count One and the RVO specification. Thus, the trial court imposed a total sentence of 23 to 28 1/2 years in prison.

{¶7} In support of this decision on resentencing, the trial court stated:

> The Court finds that the sentence imposed following the jury conviction, jury trial conviction is adequate - - would adequately punish the defendant and protect the public from future crimes. And therefore, based on defendant's previous conduct, any applicable conduct demonstrated during this jury trial by the facts found by the jury, the Court finds that repeat violent offender specification is warranted.

(December 4, 2023, Tr. 14). The court also detailed its RVO findings in its resentencing journal entry.

{¶8} Appellant filed a timely notice of appeal on January 12, 2024, raising two assignments of error.

{¶9} Appellant's first assignment or error states:

**THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO A MAXIMUM CONSECUTIVE SENTENCE FOR THE REPEAT VIOLENT**

**OFFENDER SPECIFICATION BY FAILING TO MAKE THE REQUISITE FINDINGS UNDER R.C. 2929.14**.

{¶10} Appellant first argues that the trial court erred by sentencing her to a maximum consecutive sentence under R.C. 2929.14(B)(2)(b) for the RVO specification because she does not have three convictions within the past 20 years, which is required by the statute. She asserts that a past voluntary manslaughter conviction occurred in 2000, which is outside of the 20-year period.

{¶11} Appellant acknowledges that the trial court could still sentence her on the RVO specification, but submits that all of the factors under R.C. 2929.14(B)(2)(a) must have been present in order to do so. Appellant contends that the trial court's findings were lacking relative to these factors, and the presentence investigation report (PSI) failed to consider the factors that make recidivism unlikely, such as the facts that she was law-abiding for some years and most of her convictions are misdemeanors. In particular, she notes that her last violent offense was a misdemeanor-assault from 2015, the disputed offense in this case occurred under circumstances not likely to reoccur, and she showed genuine remorse for her actions during her statement to the court.

{¶12} In addition, Appellant contends that had the trial court considered the factors that make recidivism unlikely, more factors would have weighed against the likelihood of recidivism. As she mentioned at the resentencing hearing, only two of the recidivism factors and two of the seriousness factors were found by the probation department in the PSI report. Further, Appellant argues that two of the recidivism factors, prior adjudication record and failure to respond to sanctions, are interrelated as circumstances unlikely to reoccur. (December 4, 2023, Tr. 5-6.) She supports this assertion by noting that her actions were the product of discovering that her four-year-old daughter was sexually abused by someone residing in the house she set on fire, which is a factor not likely to reoccur. Moreover, Appellant submits that she accepted full responsibility for the harm caused to the victims and showed genuine remorse for her actions. (December 4, 2023, Tr. 5-6.).

{¶13} Appellant also argued at the resentencing hearing that strong provocation and mitigation existed to show that she did not intend to or expect to physically harm anyone by her conduct. She asserted that most of the individuals living in the house were

outside and only two of them were in the doorway of the home when she set the fire. (December 4, 2023, Tr. 9.).

**{¶14}** Appellant alternatively asserts that even if the R.C. 2929.14(B)(2)(a) factors were not considered, the trial court nevertheless failed to set forth findings supporting its decision that the 11 to 16 1/2-year prison term was demeaning to the seriousness of the offense because factors under R.C. 2929.12 existed which showed this was more serious than typical first-degree felony arson conduct. Appellant cites *State v. Boozer*, 2005-Ohio-2666 (8th Dist.), and asserts that the trial court determines this issue in its sound discretion.

**{¶15}** The State responds the record demonstrates that the trial court considered R.C. 2929.12 and its decision relative to recidivism was proper. Specifically, the State argues that this decision was not contrary to law because the trial court made all the necessary findings to impose the sentence.

**{¶16}** The State contends that determinations concerning recidivism are not dependent on the balancing of factors and thus Appellant's argument that more factors weigh in favor of recidivism being less likely is immaterial and cannot form a basis for reversal. The State relies on this Court's analysis in *State v. Barr*, 2023-Ohio-1017 (7th Dist.), to support this argument. The State mentioned that following *State v. Jones*, 2020-Ohio-6729 (7th Dist.), this Court has held that appellate courts are not to review whether the trial court's consideration of the factors in R.C. 2929.11 and R.C. 2929.12 is unsupported by the record, but rather the issue for review on appeal is whether the resulting sentence is contrary to law. *Barr, at ¶* 23 citing *Jones*, at ¶ 27-39; *State v. Webster*, 2022-Ohio-590, ¶ 13 (7th Dist.).

**{¶17}** Further, the State argues that the sentence is not contrary to law because it does not fall outside the statutory range, and the trial court nevertheless considered the relevant factors. *Barr*, 2023-Ohio-1017, ¶ 23, citing *State v. Burkhart*, 2019-Ohio-2711, ¶ 12 (7th Dist.). Importantly, the State highlights that Appellant is attempting to make the same argument that this Court rejected in *Barr.*

**{¶18}** The State also notes that the trial court made all requisite findings in order to impose a sentence on the RVO specification, contending that there are two ways that a trial court can impose a sentence on an RVO specification. Further, it states that the

Case No. 24 MA 0004

only section employed by the trial court was R.C. 2929.14(B)(2)(e). Therefore R.C. 2929.14 (B)(2)(b) does not apply.

**{¶19}** The State asserts that the trial court engaged in the correct analysis for imposing an RVO sentence. The State emphasizes that: Appellant was convicted of an offense of violence, which was also a felony of the first degree, but did not carry a prison term of life without parole; the court imposed the longest prison term for the offense; the court found that the prison term for the underlying offense was inadequate to punish the offender and protect the public from future crimes; and Appellant's conduct was more serious than conduct normally constituting the offense based on Appellant's likelihood to re-offend and prior violent record.

**{¶20}** In support, the State cites to *State v. Shaffer*, 2022-Ohio-2006, ¶ 26 (5th Dist.), and *State v. Watts*, 2017-Ohio-532, ¶ 11 (8th Dist.), noting that the trial court need not reference any code section by number or utilize the language of the statute to impose a valid sentence.

**{¶21}** Pursuant to R.C. 2929.14(C)(4), an appellate court may only reverse a sentence if it is contrary to law or if the court clearly and convincingly finds that the record does not support the sentencing court's finding. *State v. Pendland*, 2021-Ohio-1313, ¶ 41 (7th Dist.); *State v. Collins*, 2017-Ohio-1264, ¶ 9 (7th Dist.); *State v. Bonnell*, 2014-Ohio-3177, ¶ 30. Accordingly, an appellate court's standard of review on sentencing matters is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). Instead, when reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes, or the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 1; *State v. Veon*, 2023-Ohio-3333, ¶ 41 (7th Dist.).

**{¶22}** R.C. 2929.14(B)(2)(a) provides:

> (2)(a) If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense or, for offenses for which division (A)(1)(a) or (2)(a) of this section applies, in addition to the longest minimum prison term authorized or required for the offense, an additional definite prison term of

one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offense of which the offender currently is convicted or to which the offender currently pleads guilty is . . . any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(iii) The court imposes the longest prison term for the offense or the longest minimum prison term for the offense, whichever is applicable, that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable

factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

**{¶23}** Additionally, "R.C. 2929.14(B)(e) requires that a trial court state the findings justifying the sentence imposed on a person pursuant to an RVO specification under R.C. 2929.14(B)(2)(a)." *Moore*, 2023-Ohio-3831, ¶ 15, quoting *State v. Shaffer*, 2022-Ohio-2006, ¶ 23 (5th Dist.).

**{¶24}** We find that the trial court did not err in sentencing Appellant to a maximum consecutive sentence for the RVO. This Court may only review whether the resulting sentence is contrary to law, not whether the trial court's consideration of the factors in R.C. 2929.11 and R.C. 2929.12 is unsupported by the record. *Barr,* 2023-Ohio-1017*,* ¶ 20-23, citing *Jones*, 2020-Ohio-6729, ¶ 39; *Webster*, 2022-Ohio-590, ¶ 13. In *Barr,* we elaborated on when a sentence is considered contrary to law:

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding. *State v. Burkhart*, 2019-Ohio-2711, ¶ 12 (7th Dist.).

*Barr,* 2023-Ohio-1017, ¶ 23.

**{¶25}** The State correctly points out that the sentence here is not outside of the statutory range. Further, the record reflects that the trial court considered the relevant factors under R.C. 2929.11, R.C. 2929.12, and made the necessary consecutive sentence findings.

**{¶26}** Specifically, the court stated both at the hearing and in its judgment entry that consecutive sentences are necessary to protect the public from future crime and to punish the offender, and found that the consecutive sentences were not disproportionate to the seriousness of the offender's conduct, and to the danger the defendant poses to the public. Lastly, the court noted Appellant's criminal history and held that her history of

criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

**{¶27}** The court also explicitly stated in the judgment entry the findings it made in regard to the RVO specification. The court noted that Appellant has been convicted of a specification of the type described in R.C. 2941.14, Appellant was a repeat violent offender, the offense under which Appellant was currently convicted is a felony of the first degree, the offense is an offense of violence, and the court has imposed the longest prison term for the offense that is not life imprisonment without parole.

**{¶28}** Further, the court stated that under R.C. 2929.14(B)(2)(a)(iii), the prison terms imposed were inadequate to punish the offender and protect the public from future crime because the applicable factors under R.C. 2929.12 indicated that a greater likelihood of recidivism outweighed the applicable factors under the section indicating a lesser likelihood of recidivism.

**{¶29}** Lastly, the court mentioned that under R.C. 2929.14(B)(2)(a)(iii), the prison terms imposed were demeaning to the seriousness of the offense because one or more of the R.C. 2929.12 factors indicated that Appellant's conduct was more serious than conduct normally constituting the offense, and they outweighed the factors under this section indicating that her conduct was less serious than conduct normally constituting the offense.

**{¶30}** Accordingly, Appellant's first assignment of error lacks merit and is overruled.

**{¶31}** Appellant's second assignment of error states:

**THE TRIAL COURT ERRED AT SENTENCING AND IN ITS JUDGMENT ENTRY TO SENTENCE BY FAILING TO NOTIFY APPELLANT OF HER MANDATORY POST RELEASE CONTROL**.

**{¶32}** Appellant argues that the trial court failed to notify her of mandatory post-release control as it relates to a conviction for aggravated arson. She asserts that the trial court failed to inform Appellant of her post-release control at both the sentencing hearing and in the sentencing entry, as required by R.C. 2929.19(B)(2)(c). *State v. Williams*, 2015-Ohio-4100, ¶ 36 (7th Dist.). Lastly, Appellant contends that in instances

where the trial court has failed to notify a criminal defendant of the R.C. 2929.19(B)(2)(c) advisements, the appellate court has consistently remanded for resentencing. *State v. Hicks*, 2024-Ohio-974, ¶ 71 (8th Dist.).

**{¶33}** In response, the State concedes that the trial court did not advise Appellant of post-release control. But it argues that Appellant is not entitled to a new sentencing hearing for this error. Rather, the State contends that Appellant is only entitled to a hearing where the trial court advises her as to post-release control under R.C. 2929.191.

**{¶34}** Regarding post-release control under R.C. 2929.19(B) this Court has previously stated:

> Turning to the issue of postrelease control, pursuant to R.C. 2929.19(B), a trial court must give notice of postrelease control to a defendant sentenced on a first-degree felony. R.C. 2967.28(B)(1) states that the postrelease control period for a first-degree felony is five years. There are four things a trial court must tell a defendant who is subject to postrelease control:
>
> (1) [T]he offender will be subject to postrelease control supervision under R.C. 2967.28; (2) if the offender violates postrelease control supervision or a condition of postrelease control, the parole board may impose a term of incarceration, as part of the sentence, of up to one-half of the stated prison term originally imposed; (3) whether postrelease control is mandatory or discretionary; and (4) the duration of post-release control.

*State v. Williams*, 2015-Ohio-4100, ¶ 36 (7th Dist.), citing *State v. Peck*, 2013-Ohio-5526, ¶ 8 (7th Dist.), citing *State v. Newsome*, 2012-Ohio-6119, ¶ 72 (3d Dist.); *State v. Fischer*, 2010-Ohio-6238, ¶ 27–29.

**{¶35}** It is clear from the record that the trial court failed to advise Appellant of the post-release control requirements in R.C. 2929.19(B). This is not the disputed issue in this case. Rather, at issue is whether a new sentencing hearing is required.

**{¶36}** We addressed a similar situation in *Williams* and concluded that prior case law requires a limited sentencing hearing when the only error is a failure to inform a defendant of his post-release control sentence. We held that:

A trial court must inform a defendant of his postrelease control sentence at both the sentencing hearing and within the sentencing entry. *State v. Butler,* 7th Dist. No. 10 JE 44, 2011-Ohio-6366, 2011 WL 6163936, ¶ 6, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 22. If it is found that a defendant was not properly informed of his postrelease control sentence, "only that part of the sentence dealing with postrelease control should be voided: the remaining aspects of the conviction and sentence should not be disturbed." *State v. Wells*, 7th Dist. No. 14 JE 5, 2014-Ohio-5504, 2014 WL 7143704, ¶ 6, citing *Fischer, supra*.

*Id.* at ¶ 37.

**{¶37}** Here, the trial court failed to inform Appellant of her post-release control sentence. Accordingly, a limited hearing is required only to address the post-release control aspect of the sentence.

**{¶38}** Accordingly, Appellant's second assignment of error has merit and is sustained.

**{¶39}** For the reasons stated above, Appellant's sentence is affirmed. However, we remand this matter for the sole purpose of conducting a hearing in order to properly advise Appellant of her post-release control sanctions as required.

Waite, J, concurs.

Robb, P.J., concurs.

[Cite as *State v. Moore*, 2024-Ohio-3256.]

_____

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is overruled. Appellant's second assignment of error is sustained. The judgment entry of resentence of the Court of Common Pleas of Mahoning County, Ohio is affirmed. However, this matter is remanded for the sole purpose of conducting a hearing in order to properly advise Appellant of her post-release control sanctions as required. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**